Liston F. Coon, J.
Upon order to show cause, the intervenor applicant, Bussell F. Gee, seeks to intervene in the above-entitled action pursuant to section 193-b of the Civil Practice Act.
Plaintiff has brought this action for specific performance of a contract to purchase lake frontage real estate owned by the defendants in the Town of Beading, Schuyler County, pursuant to a written contract of purchase and sale, purportedly entered into on June 7, 1961. Defendants do not deny the contract but assert a revocation of same. The intervenor applicant claims to have purchased the same property from the defendants pursuant to a writing dated June 16, 1961, for which a sum of money was given in the consideration thereof. At no time has any conveyance by deed been tendered by the owners to either purchaser.
The intervenor applicant, Gee, claims that he has an interest in said real estate, the subject of the action, and therefore asserts an absolute right to intervene under section 193-b of the Civil Practice Act.
Chapter 971 of the Laws' of 1946 added to the Civil Practice Act, section 193-b which provides, insofar as the court finds pertinent here, as follows: “1. Upon timely application any person shall be permitted to intervene in an action, including, but not limited to, an action for a sum of money only: # * * (c) when the applicant has an interest in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief”.
The question of timeliness may be quickly disposed of. It appears from the papers in the case that at the time of the order to show cause defendants had not answered plaintiff’s complaint. Since the original issue had not then been joined, the court finds that Gee’s application was timely.
The issue, therefore, is: Does the applicant Gee have an interest in the real property which is the subject of this lawsuit, the title to which may in any manner be affected by the judgment ?
No decision in this State has been found relative to intervention by a subordinate contract holder but the courts have construed section 193-b as to the type of interest in property requisite to an absolute right to intervene. In so construing the statute the court in Solicitor for Affairs of His Majesty’s Treasury v. Bankers Trust Co. (198 Misc. 751, 752) said:
*96 ‘‘‘ Obviously it must be an interest known and protected by law; a claim of ownership, or a lesser interest, sufficient and of the type to be denominated a lien, equitable or legal.’’’
The intervenor applicant sets forth in his moving affidavit a written agreement, supported by a money consideration to purchase the subject premises from the defendants although subordinate to the purchase rights claimed by the plaintiff.
A person who contracts to purchase land and makes a down payment creates in himself a vendee’s lien which is enforcible in equity. (Elterman v. Hyman, 192 N. Y. 113; Flickinger v. Glass, 222 N. Y. 404.)
The possession of a vendee’s lien is an interest in real property and in effect is a claim of ownership. Judge Cardozo writing for the Court of Appeals, described the effect of such a lien as follows: “A vendee has a lien for payments made on the purchase price. To that extent, he has equitable rights or interests in the subject-matter of the contract analogous to those of ownership.” (Holden v. Efficient Craftsman Corp., 234 N. Y. 437, 440.)
The court, therefore, finds that Russell F. Gee has an interest in the real property which is the subject of this action, the title to which may be affected by the judgment, and is, therefore, permitted to intervene in said action pursuant to section 193-b of the Civil Practice Act.