Robert W. Sloan, J.
Defendant Hudson City Savings Institution (Hudson) moves for summary judgment dismissing the complaint of the plaintiffs, Marion O. Stith and Esther Stith (Stith) and for judgment of foreclosure and sale on its counterclaim against the plaintiffs Stith and the counterclaim defendants 0. Russell Kennedy and Dorothy H. Kennedy (Kennedy). Stith and Kennedy move for summary judgment on the complaint and the Kennedy counterclaim, both of which seek a declaration that Hudson’s exercise of its option to accelerate the balance due on a mortgage by reason of sale of the subject property from Kennedy to Stith, the latter assuming the mortgage without the consent of Hudson, is illegal and ineffective, and that Kennedy has the right to sell and Stith the right to purchase the lands under a conveyance in which the latter assumes and agrees to pay the obligation.
On October 11, 1962, Kennedy gave a bond and mortgage on real property in Broome County to M-L Servicing, Inc. The bond provided: “ In the event the obligors sell or convey the property which has been given as security for this bond, this obligation cannot be assumed without the consent in writing of the mortgagee, and if said consent is withheld all sums due hereunder, both principal and interest, will become immediately due and payable.”
Kennedy alleges that objection was made to this provision of the bond at the time it was executed but received assurance from a representative of M-L Servicing, Inc., that a lending institution would not withhold its consent unreasonably if a financially qualified person, purchasing the real property, agreed to assume the mortgage as part of the purchase price, and that no further consideration would be required as a prerequisite to such consent; and that this was the custom and usage between the M-L Servicing, Inc., and lending institutions to which the mortgage loans it .secured were negotiated. The affidavit of a licensed real estate broker familiar with the practice, custom and usage of mortgages and provisions in bonds and mortgages taken by M-L Servicing, Inc., and by the Hudson City Savings Institution says that this is so.
On January 1, 1963, M-L Servicing, Inc., assigned the bond and mortgage to Hudson. On April 1, 1969 Kennedy conveyed the real property to Stith, and in the deed the latter assumed and agreed to pay the balance due on the bond and mortgage held by Hudson according to its terms, as part of the purchase price. It is stated by both Kennedy and Stith that the latter are persons of financial ability and good moral character.
*865 On April 18, 1969, Hudson through M-L Servicing, Inc., advised Kennedy that the assumption of the mortgage by Stith was approved, provided the terms relating to interest were modified from the stated 6% to 7%% per annum. In the actions before me, both Kennedy and Stith seek a declaration that Kennedy has the 1 ‘ right ’ ’ to sell and Stith has the ‘ ‘ right ’ ’ to purchase the security and assume the payment of the bond and mortgage on its present terms, and that Hudson has no “ right ” to withhold its approval upon the condition that a higher rate of interest be paid.
The defendant Hudson counterclaims for a foreclosure of the mortgage against both Kennedy and Stith and takes the position that under the terms of the bond and mortgage the obligation became due and payable upon the conveyance of the mortgaged premises without its written consent; that it has elected to declare the balance due and payable and is entitled to judgment of foreclosure and sale.
It is difficult to understand on what theory the plaintiffs Stith bring their action. It is true that by assuming and agreeing to pay the mortgage, they may be held to the payments according to its terms (General Obligations Law, § 5-705), but under the provisions of the bond and mortgage here considered they may not compel the mortgagee to accept them as debtors and owners of the security; nor do they become parties to the mortgage and its covenants by assuming the obligation (59 C. J. S., Mortgages, § 418). The mortgagee has an option whether to accept the personal liability they tender, and this offer it has spurned. However, in the posture they hold, they will benefit from any success their grantors, Kennedy, enjoy in this litigation, so a consideration of the latter’s contentions is the matter of first importance.
The counterclaim defendants, Kennedy, seek to modify the language of the acceleration clause here considered to include as an implied condition to its exercise the claimed verbal assurances given by a representative of M-L Servicing, Inc., that the clause was for the protection of the lending institution so it might pass on the credit of a prospective purchaser, and that if a financially qualified purchaser were willing to assume the obligation, its consent to the transfer and assumption would not be unreasonably' withheld and that no additional consideration would be demanded. They also say that such was the custom and usage between representatives of M-L Servicing, Inc., presumably meaning loaning institutions to which such mortgages might be assigned, and that such consent would not be arbitrarily and capriciously withheld.
*866 The language of the acceleration clause here considered is clear and unambiguous, and the intent and purpose of the parties as to its operation directly and intelligibly stated. Evidence of a contemporaneous oral promise may not be considered to vary or add to terms so clearly expressed (Richardson, Evidence [9th ed.], § 578; Black v. General Wiper Supply Co. 305 N. Y. 386) and this court may only give effect to such intention (Morlee Sales Corp. v. Manufacturers Trust Co., 9 N Y 2d 16; Central Sav. Bank v. Amted Realty Co., 274 App. Div. 392); nor may proof of custom and usage be interposed to modify or change legal obligations assumed by parties under their written contracts (Pink v. American Sur. Co., 283 N. Y. 290; Albany Discount Corp. v. Basile, 32 A D 2d 723).
Acceleration provisions in mortgages are intended and designed for the protection of the mortgagee and to make the security more effective ('59 C. J. S., Mortgages, § 113) and such was the purpose of the clause under consideration. It is common knowledge that “ due-on-sale ” provisions similar to that here employed are often insisted on by loaning institutions. They thereby reserve to themselves the right in the event of sale, to determine whom they wish to accept as a debtor and owner of the security, and to reappraise the desirability of the loan originally made from the standpoint of the then value and condition of the security covered and the interest rate obtainable in the current money market. The Kennedy’s sale of the mortgaged premises gave Hudson the option to make such decisions and reappraisals, and as a result it has elected to declare the mortgage due and payable. The acceleration clause was one which the parties to the mortgage agreed to in a fair and legal contract, and does not constitute a forfeiture or a penalty (Graf v. Hope Bldg. Corp., 254 N. Y. 1; Albertina Realty Co. v. Rosbro Realty Corp., 258 N. Y. 472).
While it is true that Hudson conditioned its acceptance of Stith upon an increased interest rate, the condition was not accepted by Kennedy or Stith, and Hudson’s position now is that the transfer of the security gives it the option to accelerate the maturity of the debt and that it has done so and now wants its money or foreclosure. The increased rate of interest demanded and refused is no longer a factor in the litigation.
However, Kennedy and Stith somehow feel that subdivision 4 of section 5-501 of the General Obligations Law, and the General Regulations of the Banking Board (3 NYiCRR 4.6) adopted pursuant to section 14-a of the Banking Law prevent Hudson from demanding an increased rate of interest as a condition to its acceptance of Stith as its debtor and owner of the security; *867 that such demand is ‘‘ arbitrary and capricious,” by which I assume they mean unconscionable, because they urge, even if the demand were accepted, the rate of interest payable on the mortgage would .still be 6% per annum, as the new loan would be a continuation of the original loan or forbearance; and that it is inequitable that Hudson be permitted to foreclose the mortgage under these circumstances solely because Stith refuses to pay an illegal rate of interest to secure Hudson’s approval of the transfer and assumption.
The purpose of subdivision 4 of section 5-501 of the General Obligations Law was to prohibit an increase in the rate of interest on a loan or forbearance beyond the maximum rate authorized at the time the loan or forbearance was made. It prevents the fixing of arbitrary and premature termination provisions in loan agreements to afford lenders an opportunity to make new agreements at higher interest rates, if such are in effect. Section 4.6 of the General Regulations of the Banking Board (3 NYCRR 4.6) implements subdivision 4 of section 5-501 by providing that in such a circumstance the extended loan or a new loan substituted therefor by the original lender and the original loan shall constitute a single loan or forbearance, and the maximum rate of interest is that authorized by law at the time the original loan or forbearance was made. However, it further provides that the section 4.6 does not apply if the “ exercise of the option, forbearance from exercising the option or accelerated maturity of the loan results from the obligor’s act or default ”. Therefore, the event here giving rise to the right to exercise the option to accelerate the maturity of the loan having resulted from Kennedy’s act or default, Hudson could legally make a “ new ” loan to either Kennedy or Stith at an increased interest rate, and the prohibition of the statute and the regulations have no application.
In Cherry v. Home Sav. & Loan Assn. (81 Cal. Rptr. 135) cited by Hudson, the California Court of Appeals dealt with a problem similar to that here presented. The mortgage provided for a “ due-on-sale ” escalation clause, and upon a sale the mortgagee refused to give its consent unless the assuming grantee agreed to pay an increased rate of interest. The assuming grantee sought a declaratory judgment based on the argument that an unwritten and implied term of the mortgage required the lending institution to act in accordance with concepts of good faith and fair dealing and thus act reasonably in withholding its consent. In affirming the dismissal of the action by a lower court, the Court of Appeals, in language which has application to the problem at hand, said in part: ‘ ‘ There is *868 no inequity visible from such a provision. Thus, if a note is executed with a due date of January 31, that is one of its terms, and a borrower cannot be heard to urge that the inferred provisos of good faith and fair dealing permit him ‘ reasonably ’ to pay at a later date (Comm. Code, §§ 3123, 3122.) Here, appellants’ Wickershim borrowed money from respondent under specified terms. Respondent did nothing to prevent or make difficult appellants’ performance under the agreement. It did not, and could not, prevent the Wickershims from selling to Cherry if they so wished. But respondent could, and allegedly did, by threatening to exercise its option to accelerate the debt, refuse to accept 'Cherry as owner of the security unless respondent received from him a higher return for the use of its money than obtained from the Wickershims. Such refusal on respondent’s part demonstrated no lack of good faith or fair dealing, but merely insistence on its rights under the terms of the deed of trust. It had the power of free decision regarding use of its money by others, the right to determine in its own discretion whether it would exercise its option, and it had no obligation to act only in a manner which others might term ‘ reasonable.’ Neither Cherry nor Wickershims, all of whom were aware of the terms, ¡can complain.” (pp. 138-139.)
On the papers before me I find that no triable issue of fact exists. Accordingly, the defendant Hudson City Savings Institution is granted summary judgment of foreclosure and sale against 0. Russell Kennedy, Dorothy H. Kennedy, 'Marion C. Stith and Esther Stith, and dismissing the complaint of Marion C. Stith and Esther Stith, and the counterclaim of the counterclaim defendants, 0. Russell Kennedy and Dorothy H. Kennedy, upon the merits.
The motion of the plaintiffs and the counterclaim defendants for summary judgment is denied.