OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
Plaintiffs seek summary judgment permitting a mortgage foreclosure on two grounds, namely that the payment due February 7, 1977 was not paid until February 24, two days after the 15-day grace period provided in the mortgage, and on *939 the further grounds that the individual defendants conveyed the premises to the corporate defendant in violation of a due-on-sale proscription in the mortgage.
The defendants oppose the. motion, alleging that as a result of the recent death of their daughter, they were confused as to the payment date, and that they thereafter for a period of four months subsequent to February continued to make timely mortgage payments, which payments were retained and not returned by plaintiffs. They also aver that the conveyance to defendant corporation was to a corporation in which they were the principals, and they offered to reconvey the premises from the corporation to themselves individually.
By way of reply, plaintiffs through their attorney allege that defendants had offered the same excuse previously, that they had been late previously, and that while checks were retained, defendants were notified of their intent to accelerate the balance due.
The first ground upon which summary judgment is sought is for the late February, 1977 payment. The allegations of the defendants that the payment was late because of inadvertence, raises an issue of fact which should be resolved by plenary trial. While plaintiffs note that the checks subsequently tendered were not cashed, plaintiffs retained the power to negotiate them when they retained them. Whether or not such retention was a waiver, as urged by defendants, raises another issue of fact (Battim Assoc. v L & L Estates, 186 Misc 141).
The further ground advanced by plaintiffs upon this motion for summary judgment is the transfer of the mortgaged parcel by the individual defendants to their corporation, namely, Cedar Hollow Farms, Inc., on March 31, 1976. The mortgage executed by the individual defendants contained what is characterized as a "due-on-sale clause” stating that such a conveyance to a third party will result in the whole amount of principal and interest then owing becoming immediately due and payable.
Defendants oppose the relief sought by plaintiffs on this ground, declaring that the enforcement of such clause would be inequitable, and further declaring that they are the principals in the corporation and are willing to reconvey the premises to themselves in their individual capacities.
As noted by one commentator, there is a dearth of authority in New York on the enforceability of a due-on-sale clause *940 (Wein, Due on Sale in New York, 49 NYSBJ 203), with only one New York court having considered the enforceability of such clause (Stith v Hudson City Sav. Inst., 63 Misc 2d 863). In view of the absence of such authority, it is appropriate to consider the treatment of such clause in other jurisdictions (see generally 69 ALR3d 713).
Underlying any consideration of the enforceability of a due-on-sale clause is the equitable powers of this court which plaintiffs seek to invoke by instituting an action premised upon defendants’ conveyance in violation of the due-on-sale clause. While it is conceded that conduct proscribed by the due-on-sale clause has taken place, the question confronting the court is whether such conduct alone warrants forfeiture of the mortgaged premises to plaintiffs.
The courts of this State have not exercised their equitable powers to permit forfeiture in every instance in which a mortgagor has failed to comply with the terms and conditions of the mortgage instrument. As noted by Professor Wein (supra), the courts of this State have fashioned a distinction between delinquency in payments of principal and interest (Graf v Hope Bldg. Corp., 254 NY 1; Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472) and defaults of payments deemed to be incidental to the mortgage, such as taxes (Noyes v Clark, 7 Paige 179; Noyes v Anderson, 124 NY 175). The reluctance of courts to permit forfeiture of the incidental obligations of the mortgagors where the mortgagors have subsequently cured their default rests upon the precept that equity will not be exercised when its exercise would result in an injustice or oppression (id., p 179).
This restraint upon the use of equitable powers has been recognized in other jurisdictions, where the prevailing practice has not been to compel forfeiture solely because a conveyance has taken place contrary to a due-on-sale proscription (see, e.g., United States v Angel, 362 F Supp 445; Tucker v Pulaski Fed. Sav. & Loan Assn., 252 Ark 849; Tucker v Lassen Savs. & Loan Assn., 12 Cal 3d 629; Bellingham First Fed. Sav. & Loan Assn. v Garrison, 87 Wash 2d 437). Instead, such equitable powers have been exercised only when circumstances were demonstrated to have existed showing that the security of the mortgaged premises was imperiled by conveyance (e.g., Tucker v Pulaski, supra), or where the mortgagee demonstrated that the exercise of the acceleration clause upon conveyance was reasonable (Baker v Loves Park Sav. & Loan Assn., 21 Ill App
*941 3d 42). Indeed, New York judicial authority on the subject has upheld the acceleration of the mortgage principal upon a conveyance in violation of a due-on-sale provision when such conveyance defeated the right of the mortgagee to reasonably request a higher rate of interest (Stith v Hudson City Sav. Inst., 63 Misc 2d 863, supra) although they have also recognized that under certain circumstances, it may be inequitable to enforce a due-on-sale provision (Mutual Real Estate Inv. Trust v Buffalo Sav. Bank, 90 Misc 2d 675, 678).
Under the circumstances advanced in the motion papers, it would clearly be inequitable upon this motion for summary judgment to permit plaintiffs to obtain a foreclosure by declaring an automatic acceleration of the principal due solely because a conveyance took place. While the conveyance took place on March 31, 1976, copies of subsequent payments made to plaintiffs by checks show that the monthly mortgage payments continued to be made by the defendants individually. An offer has been made to reconvey the premises to the individual defendants. Plaintiffs have not demonstrated upon this motion that their security has been jeopardized under the circumstances.
In view of the foregoing, serious questions of fact exist which preclude the exercise of equitable powers upon this motion for summary judgment.
Accordingly, the motion is denied.