HELEN K. SILVER, Appellant, v ROCHESTER SAVINGS BANK, Respondent.

Fourth Department, February 20, 1980

## APPEARANCES OF COUNSEL

*Sutton, DeLeeuw, Clark & Darcy (Kevin S. Cooman* of counsel), for appellant.

*Harris, Beach, Wilcox, Rubin & Levey (Jeffrey W. Baker* of counsel), for respondent.

## OPINION OF THE COURT

WITMER, J.

This appeal turns on the right of a lending institute to withhold its consent to the sale of real property on which it holds a mortgage lien and to declare it due unless the purchaser agrees to pay an increased rate of interest on the unpaid balance of the mortgage. No appellate authority in New York on this subject has come to our attention; but in several other States the problem has been presented, with divergent results. Because of the special facts in this case we do not need to explore all the ramifications of this subject, but we shall advert to some of them.

In 1973 plaintiff owned unimproved real property in the Town of Sweden, Monroe County, and desired to sell it. Defendant, Rochester Savings Bank (the bank), wished to establish a branch bank on the site; but for its own financial reasons it preferred to rent rather than to own such facility. It entered into an agreement with plaintiff wherein she granted to the bank an option to lease the property for 20 years for use as a branch bank and plaintiff agreed to (and did) construct on the property a building in accordance with plans furnished by the bank, aided by a loan made to her by the bank. The loan was made payable over the 20-year period, with monthly payments to be made by plaintiff from monthly rents to be paid to her by defendant in an amount sufficient to cover all costs of construction together with an amount to allow plaintiff a reasonable return on the value of her land, plus 8½% interest per annum payable to the bank on the mortgage. The total principal amount was ultimately fixed at $191,000, and plaintiff's monthly payment thereon to the bank was fixed at $1,469 for the 20-year period. In return, the bank agreed to pay to plaintiff a net-net rent[1] of $2,304.16 per month for 20 years, with the right to renew the lease for an

---

1. The bank also agreed to pay the taxes, insurance and maintenance expenses of the property.

additional 10 years at the rental of $2,649.41 per month; and the bank was given the right of first refusal to purchase the property in case another party should offer to buy it. At the end of the lease the bank could buy the land and building for the sum of $85,000 above the construction costs.

The building was completed and the bank entered and still occupies it. In 1979 plaintiff received an offer for the property which the bank chose not to meet. The offer was conditioned on the buyer being permitted by the bank to assume the mortgage without an increase in the interest rate. The bank refused to agree to such terms, although it acknowledged that the proposed buyer's credit is impeccable and better than plaintiff's. The bank demanded that the rate of interest on the mortgage be increased 2% per annum, and plaintiff's buyer refused to complete the purchase on that basis unless the bank would agree to increase its monthly rental payments by an amount sufficient to repay the 2% increase in the mortgage interest rate. The bank declined to do that and stated that it would declare the unpaid balance of the mortgage due and payable if plaintiff sold the property to such purchaser without the latter agreeing to increase the interest rate to 10.5% per annum.

The mortgage between plaintiff and defendant provided that "[s]hould Mortgagor transfer title to mortgaged premises * * * without first obtaining the written consent of Mortgagee * * * Mortgagee shall have the option to declare the whole of the unpaid principal sum * * * due and payable." It also provided that "where any of the terms * * * of this mortgage require the approval * * * or consent of Mortgagee * * * [it] shall not be unreasonably withheld * * * by Mortgagee." In light of the latter provision in the mortgage and the basic agreement of the parties in this transaction, plaintiff instituted this action for judgment declaring that defendant was unreasonably withholding its consent to plaintiff's proposed sale of the property.

Defendant acknowledges that the proposed purchaser is financially sound and, in effect, that its only reason for refusing to consent to the sale is that the money market has soared so much that, in its own business interest, it is seizing the opportunity to upgrade the interest on this mortgage to current mortgage interest rates. Special Term held that the bank has the right to do this. With much sympathy for the bank's position, we conclude that as a matter of law it cannot use the

approval clause as a weapon to protect itself against the changed interest-market conditions.[2]

The rights of the parties under the above-quoted terms of the mortgage depend upon their intention in placing such provisions therein. Some States have interpreted a provision that the sale of the mortgaged premises is subject to the mortgagee's right to declare the mortgage due and payable as giving to the mortgagee absolute authority to refuse to agree to a continuance of the mortgage loan except upon such terms as the mortgagee shall determine and accept (see *Crockett v First Fed. Sav & Loan Assn.,* 289 NC 620; *Mutual Fed. Sav. & Loan Assn. v Wisconsin Wire Works,* 71 Wis 2d 531; *Malouff v Midland Fed. Sav. & Loan Assn.,* 181 Col 294; *Century Fed. Sav. & Loan Assn. v Van Glahn,* 144 NJ Super 48; see, also, *Mutual Real Estate Inv. Trust v Buffalo Sav. Bank,* 90 Misc 2d 675; *Stith v Hudson City Sav. Inst.,* 63 Misc 2d 863). Some other States have interpreted such a provision as requiring the lender to show that it has reason to believe that its security may be impaired if the transfer is made (see *Wellenkamp v Bank of Amer.,* 21 Cal 3d 943; *Patton v First Fed. Sav. & Loan Assn. of Phoenix,* 118 Ariz 473; *Tucker v Pulaski Fed. Sav. & Loan Assn.,* 252 Ark 849; *Nichols v Ann Arbor Fed. Sav. & Loan Assn.,* 73 Mich App 163; *First So. Fed. Sav. & Loan Assn. of Mobile v Britton,* — Ala —, 345 So 2d 300). At best, such a clause in the mortgage, standing alone, is ambiguous and misleading to the mortgagor. The normal inference to be drawn from it is that the lender is concerned about the security of the mortgage upon the transfer of ownership of the property. To construe it as granting to the lender an unlimited right to decline to accept a grantee for any reason, including the lender's refusal to consent to a change of the mortgage contract by increasing the rate of interest, is a giant step, which, as shown above, many States have, nevertheless, taken. Even in California, one intermediate court gave that interpretation to such a clause in respect of commercial

---

2. Had the bank expressly provided in the mortgage that upon sale of the property it reserved the right to increase the rate of interest thereon, a different question would be presented. Then, at least, the mortgagor would have had clear notice of the bank's asserted right, and there is authority that the provision, exercised in good faith, would be valid (see *Miller v Pacific First Fed. Sav. & Loan Assn.,* 86 Wn 2d 401; *Tidwell v Wittmeier,* 150 Ala 253; and see *Graf v Hope Bldg. Corp.,* 254 NY 1). It appears, however, that under some circumstances in California such a provision would be held to be unconstitutional, as in restraint of the right of alienation (*Wellenkamp v Bank of Amer.,* 21 Cal 3d 943).

properties, such as we have here *(Medovoi v American Sav. & Loan Assn.,* 152 Cal Rptr 572, 581). It should be noted, however, that in denying appeal in that case the Supreme Court of California ordered that the opinion therein be not officially published, as that court is authorized to direct under rule 976 of California Rules of Court. That suggests that the *Wellenkamp* case *(supra)* continues without limitation in California. We do not need, however, to reach that question on this appeal, because of the history of the underlying transaction herein and because of the inclusion in the mortgage of the clause that the mortgagee will not unreasonably withhold its consent to a sale of the property by the mortgagor.

In lieu of buying the land on which this branch bank building was erected, the bank arranged for construction of the building for its use under a 20-year lease, the monthly rental of $2,304 being based upon plaintiff's costs. Included as an item of such costs was the 8½% interest rate which it was agreed that plaintiff would pay to defendant for the mortgage money. It was agreed that at the termination of the lease, the bank could buy out plaintiff's interest for $85,000 above the construction costs. Under such agreement plaintiff cannot increase the rent, and at the termination of the lease the purchase price by the bank is fixed. As part of the agreement the bank granted to plaintiff the right to sell the property subject to the mortgage, upon condition that the bank approve of the purchaser, and the bank agreed not unreasonably to withhold such approval.

To permit the bank to condition its approval of the sale upon the purchaser agreeing to increase the interest rate on the mortgage by 2% per annum, amounts to reducing plaintiff's equity in the property and it would constitute an intrinsic breach of the bank's contract with the plaintiff. This is true because by the bank refusing to increase its rental payments to cover the increase in the interest charged, the property will not be as good an investment unless the purchase price is lowered so that the reduced net income on the investment, resulting from the higher mortgage interest rate, will produce the same rate of return on the purchase price as the purchaser expected when he originally made his offer. This analysis shows that it was not the intent of the parties in this case to permit the bank to interpret the clause requiring its approval of the buyer as authorizing it to increase the interest rate as a condition thereof.

Apart from the implications of the special contract arrangement between the parties as above discussed, it seems clear in this case that on the sale of the property by the plaintiff to one whose economic status is completely unobjectionable to the bank, the clause requiring the bank's approval of the purchaser may not be interpreted as permitting it to condition that approval on an increase in the mortgage interest rate. The reason is that the bank expressly agreed that it would not unreasonably withhold its consent to a sale by plaintiff. In no case where courts have interpreted the so-called "due on sale" clause as authorizing the lender to condition its approval on an increase in the mortgage interest rate, was there a clause that the lender would not unreasonably withhold its consent to the sale by the mortgagor. Indeed, in some cases the significance of this point has been observed and the courts refused to imply such a clause in the mortgage where the parties had not expressly provided for it (see *Mutual Real Estate Inv. Trust v Buffalo Sav. Bank,* 90 Misc 2d 675, 676, 679, *supra; Stith v Hudson City Sav. Inst.,* 63 Misc 2d 863, 865, *supra).* On the contrary, all of the courts, above cited, which hold that consent may not be withheld solely to obtain a higher rate of interest have found an implied duty on the part of the lender to act reasonably.

Finally, in this case the bank prepared the documents in issue and, if there is ambiguity therein, it is only proper that such ambiguity be resolved against it and in favor of plaintiff (*67 Wall St. Co. v Franklin Nat. Bank,* 37 NY2d 245, 249; 4 Williston, Contracts [3d ed], § 621; 10 NY Jur, Contracts, § 223).

We conclude that in this case the parties intended the clause, requiring the bank's approval of the purchaser, to grant to the bank only the right to approve of the character and financial ability of the buyer and not to authorize it to alter the terms of the mortgage by raising the interest rate therein as a condition of approval.

The judgment should, therefore, be reversed, defendant's cross motion for summary judgment should be denied and plaintiff's motion for summary judgment should be granted, declaring that it is unreasonable for defendant to withhold its consent to plaintiff's proposed sale of her property unless the buyer agrees to pay a higher rate of interest on the mortgage to be assumed.

HANCOCK, JR., J. P., SCHNEPP, CALLAHAN and DOERR, JJ., concur.

Judgment unanimously reversed, with costs, defendant's motion denied and plaintiff's motion for summary judgment granted, in accordance with opinion by WITMER, J.