OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-entitled action, all parties seek summary judgment. The action seeks a declaratory judgment construing certain terms of a mortgage originally entered into by defendant, as mortgagee, and Just Associates, Inc., as mortgagor. Specifically at issue is paragraph 17 as amended. Originally, this paragraph was a typical “due on sale” clause. By amendment, however, the defendant modified same to provide that “in the event of a sale of said premises while this mortgage shall remain a lien thereon, the mortgagee shall thereupon have the option to accelerate the terms of the mortgage so that the principal and interest shall become due and payable, provided, however, that such acceleration shall be based upon reasons that are not arbitrary or unreasonable.”
Due on sale clauses have been routinely inserted in mortgages executed in this State. These clauses have been generally determined to be valid and enforceable (38 NY Jur, Mortgages and Deeds of Trust, § 75, p 132). Were this a standard clause, it is conceded that this litigation would not have been commenced. The specific clause in issue has been modified to provide that the mortgage may be accelerated upon the option of the mortgagee only if any determination to so accelerate is premised upon reasons that are not “arbitrary or unreasonable”.
*252 The case at bar involves the sale of an apartment complex known as Revonah Hill Apartments in Liberty, New York. The plaintiffs purchased the property in May of 1975, and took title subject to an existing mortgage between the defendant and Just Associates, Inc. Thereafter, in December of 1981, plaintiffs sought to sell the premises, with the contract of sale requiring the buyer to take subject to the existing mortgage, and conditioned upon a retention of the nine percent interest rate contained therein. However, defendant thereafter conditioned its consent to transfer upon an upward increase in the interest rate on the existing mortgage.
At issue here is “the right of a lending institute to withhold its consent to the sale of real property on which it holds a mortgage lien and to declare it due unless the purchaser agrees to pay an increased rate of interest on the unpaid balance of the mortgage.” (Silver v Rochester Sav. Bank, 73 AD2d 81, 82.) In the case at bar, the financial stability of the proposed purchaser of the realty is not at issue. Indeed, defendants have agreed to the sale conditioned upon the increase in the rate of interest on the outstanding balance of the mortgage. In Silver (supra) the court dealt specifically with a mortgage which prevented the mortgagee from unreasonably withholding its consent vis-a-vis the “due on sale” clause. While there were some unique factors recited by the court in its analysis of the factual context of the litigation, the court held that the result would be the same regardless. “Apart from the implications of the special contract arrangement between the parties as above discussed, it seems clear in this case that on the sale of the property by the plaintiff to one whose economic status is completely unobjectionable to the bank, the clause requiring the bank’s approval of the purchaser may not be interpreted as permitting it to condition that approval on an increase in the mortgage interest rate. The reason is that the bank expressly agreed that it would not unreasonably withhold its consent to a sale by plaintiff. In no case where courts háve interpreted the so-called ‘due on sale’ clause as authorizing the lender to condition its approval on an increase in the mortgage interest rate, was there a clause that the lender would not *253 unreasonably withhold its consent to the sale by the mortgagor.” (Silver v Rochester Sav. Bank, supra, p 86.)
The amendment of paragraph 17 of the mortgage herein conferred an additional benefit on the mortgagor which was absent in the typical “due on sale” clause. Thus, cases such as Stith v Hudson City Sav. Inst. (63 Misc 2d 863) are inapplicable to this litigation. Such cases interpret traditional due on sale clauses, rather than the amended clause which is the subject of this action. As the court stated in Silver (supra, p 84, n 2), “Had the bank expressly provided in the mortgage that upon sale of the property it reserved the right to increase the rate of interest thereon, a different question would be presented.”
If this court were to adopt defendant’s reasoning, it would of necessity have to hold that the renegotiated “due on sale” clause had no substantive effect upon plaintiffs. In a commercial mortgage involving a substantial capitalization, the parties thereto are much more likely to actually negotiate the terms and conditions of the mortgage than would a home buyer for a one-family dwelling. The ability to resell premises with the retention of a mortgage interest rate substantially below the current market quotations is indeed a potential economic benefit to the purchaser of real property. The clause in question affords potential purchasers an economic benefit, and as such, is in a very real sense, part of the consideration for the execution of the original mortgage. Mortgagors are assured that thereby, they can secure a buyer for resale subject to a substantially lower mortgage. That is the crux of the amendment to paragraph 17. Nothing is contained therein which authorized the bank to withhold its consent absent an increased mortgage rate. Had that been intended, the defendants certainly could have included such a provision in the original mortgage. Not having done so, they now strain to amend their draftsmanship by an ambiguous reading of the amended paragraph 17. Any such ambiguity must be resolved in favor of the plaintiffs (10 NY Jur, Contracts, § 223, p 138).
For the reasons hereinabove set forth, plaintiffs’ motion for summary judgment shall be granted to the extent that it seeks a declaration, that the plaintiffs are entitled to an unconditional consent from the defendant consenting to *254 the completion of the sale of the Revonah Hill Apartments, subject to a mortgage dated December 30, 1971 and recorded on January 10, 1972 in the Sullivan County Clerk’s office in the mortgage ledger 774 at page 27, to Chiel Kurz and without a change in the interest rate contained in said mortgage. Defendant’s cross motion for summary judgment dismissing the plaintiffs’ complaint shall be denied.