■ RONALD MILLER et al., Appellants, v KENNETH J. BRAUN, as Sheriff of Erie County, et al., Respondents, and GERALD MACK et al., Intervenors-Respondents. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiffs are employees of the Erie County Sheriff's Department holding permanent appointment to the position of criminal deputy. As such, they are in the classified service under the provisions of the Civil Service Law of the State of New York (Erie County Charter, art 15, § 1503, subd A). Plaintiffs Miller and Guadagno were appointed to the position of special deputy on May 2, 1972 and plaintiff Perlino to the same position on July 2, 1975. The relevant provision of the Erie County Charter states: "Detective Deputies and Special Deputies shall be *temporary assignments,* to be made by the Sheriff from the ranks of Criminal Deputies, and to *serve at his pleasure,* within the limitations set forth in any bargaining agreement pursuant to the provisions of the Public Employee's Fair Employment Act" (Erie County Charter, art 15, § 1503, subd A, par 5; emphasis supplied). Thus, the position of special deputy was a temporary assignment to which plaintiffs could not acquire tenure. In April, 1977 the Erie County Legislature, by resolution, eliminated the position of special deputy and reclassified it to the position of sergeant which was placed in the competitive class and for which an examination was compelled. Plaintiffs failed to pass the examination for sergeant and were reassigned to their criminal deputy positions. On appeal plaintiffs raise several issues, only one of which warrants comment. The question presented is whether the reclassification of the position of special deputy to sergeant by resolution of the county legislature is an action which could only be accomplished by adoption of a local law. The short answer to this is that the Erie County Charter did not create the position of special deputy. Special deputy is a temporary assignment "to be made by the Sheriff from the ranks of Criminal Deputies, and to serve at his pleasure" (Erie County Charter, art 15, § 1503, subd A, par 5). Accordingly, reclassification of the position of special deputy to make it competitive under the Civil Service Law does not effect an abolition of or a change in a position created by the charter. The reclassifying resolution, therefore, does not violate the rule in *Matter of Gallagher v Regan* (42 NY2d 230). We have examined the remaining points raised by plaintiffs and find them to be without merit. Inasmuch as this is an action for declaratory judgment, the proper disposition should have been a declaration that the resolution of the Erie County Legislature of April 28, 1977 is valid, rather than dismissal of the complaint (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901). (Appeal from judgment of Supreme Court, Erie County, Kuszynski, J. — declaratory judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.