OPINION OF THE COURT
Irving A. Green, J.
In an action to foreclose a mortgage upon an improved residential parcel of real property, the plaintiff moves the court for an order striking the answer of the defendants and for summary judgment in its favor. The issue which is determinative of this motion is whether an installment contract of sale of the premises constitutes a “sale or conveyance of the premises” activating the option secured to the plaintiff, as mortgagee, to declare due the whole of the unpaid principal sum upon the mortgage.
The defendants, Grossman, for the purpose of securing the sum of $30,000 and interest to the plaintiff, executed and delivered to the plaintiff their bond and mortgage covering the subject real property. Paragraph 11 of the mortgage provides: “That the whole of said principal sum shall become due at the option of the Mortgagee in the event of sale or conveyance of the premises hereinbefore described.”
*1037 Approximately five years later, the defendants, Gross-man, entered into an installment contract of sale of the premises to the defendants, Dulude. The deferred balance of the purchase price was the unpaid principal sum due upon the mortgage, which amount the purchasers, that is, the defendants, Dulude, agreed to assume and pay to the plaintiff in accordance with the terms of the bond and mortgage. The plaintiff, by reason of such transaction, has exercised the option in the mortgage aforesaid; and by reason of the failure of the defendants to make payment of the whole of the unpaid principal sum due upon the mortgage, has brought the foreclosure action.
The plaintiff contends and the defendants dispute the installment contract of sale constitutes a “sale or conveyance” of the premises within the language, meaning and intent of the mortgage provision set forth in paragraph 11 of the instrument.
The court finds the language of paragraph 11 in the mortgage instrument to be unambiguous and should be accorded its ordinary and common meaning. The subject mortgage provision places no restrictions upon the exercise of the option by the mortgagee upon a sale or conveyance of the mortgaged premises such as, for example, that consent to sale shall not be unreasonably withheld. (See Silver v Rochester Sav. Bank, 73 AD2d 81.) The provision in the subject mortgage instrument appears to afford to the plaintiff the unrestricted right to declare the whole of the unpaid principal sum to be due in the event of a sale or conveyance of the subject premises.
Initially, it is noted that the enforceability of a “due-on-sale” mortgage provision has received little appellate review to date. In Silver v Rochester Sav. Bank (supra), the Appellate Division, Fourth Department, reviewed a form of due-on-sale provision in a mortgage covering unimproved property which, however, further provided that consent of the mortgagee shall not be unreasonably withheld. In reversing Special Term and directing summary judgment declaring it unreasonable for the lending institution to withhold its consent to the transfer of the property, the court held that it was unreasonable for the lending institution to withhold its consent unless the new buyer *1038 agreed to pay a higher rate of interest on the mortgage to be assumed. The court in the Silver case (supra), further stated that the rights of the parties under the terms of the due-on-sale provision depend upon their intention in placing such provisions therein. Such provisions have been interpreted by courts as requiring the mortgagee to show that it has reason to believe that its security may be impaired if the transfer is made. Other courts have interpreted the provision as giving the mortgagee absolute authority to refuse to agree to a continuance of the mortgage loan except upon such terms as the mortgagee shall determine and accept. (See collation of authorities in Silver v Rochester Sav. Bank, supra.) In First Fed. Sav. & Loan Assn. of Rochester v Jenkins (109 Misc 2d 715, 724), in a well-reasoned opinion replete with authorities, the court held: “The New York courts have generally held that contractual provisions in a mortgage for ‘due-on-sale’ are valid and enforceable * * * There are cases in New York in which the courts have declined to enforce the ‘due-on-sale’ clause in an action to foreclose the accelerated mortgage under unusual circumstances”.
The court, in the last-cited case further notes that by virtue of section 1 of chapter 421 of the Laws of 1972 which added a new section 254-a to the Real Property Law, as amended by section 5 of chapter 119 of the Laws of 1974, the validity and enforceability of the “due:on-sale” clause is recognized but precludes the collection of any prepayment fee.
The court finds that the mainstream of judicial opinion, therefore, with respect to the validity and enforceability of the “due-on-sale” provision in a mortgage which, as in this case, does not contain the restriction that consent thereto may not be unreasonably withheld, is that such provision may be enforced in accordance with its terms.
This court, having concluded that the acceleration clause in issue is valid and enforceable in accordance with its terms, will now address the question of whether the installment contract of sale entered into between the defendants was a “sale or conveyance” of the premises within the meaning and intent of such provision. This court answers the question in the affirmative. The agreement has *1039 conveyed full equitable title to the property to the defendants, Dulude, even though technical legal title still rests in the defendants, Grossman. (See Ceravolo v Buckner, 111 Misc 2d 676, 679-680.)
An action to foreclose a mortgage, however, is equitable in nature and triggers the equitable powers of the court. It is said that the flexibility of equitable jurisdiction permits innovation in remedies to meet all varieties of circumstances which may arise in any case. The power of equity is as broad as equity and justice require. (Ripley v International Rys. of Cent. Amer., 8 AD2d 310, affd 8 NY2d 430; 20 NY Jur [rev ed], Equity, § 30; Kelly v Chester Fire Dist., 116 Misc 2d 334.)
The issue posed in this action upon the motion for summary judgment appears to be novel to appellate review in this judicial department, as well as having received diverse determinations at Special Terms. This court, therefore, in the exercise of its equitable powers, will grant this motion to the extent following and is otherwise denied in all respects:
1. The branch of the motion to strike the answer of the defendants, Dulude and Grossman, to the complaint herein is granted.
2. The cross claim of the defendants, Grossmanj against the codefendants, Dulude, is severed from this action and shall continue independent thereof.
3. Judgment of foreclosure and sale may be entered following a stay thereof of 30 days after service of a copy of the order to be entered herein, with notice of entry upon the defendants to afford the parties a reasonable opportunity to mitigate or avoid damage by reassessment of their respective positions in the light of this decision; and in further consideration of the prior conflict in the decisions at Special Terms as well as the dearth of appellate review of the substantive issue respecting the “due-on-sale” provision in the mortgage.
4. The counterclaim asserted by defendants, Grossman, is dismissed.
Settle interim order.