opinion of the court
D. Bruce Crew, J.
Plaintiff moves for summary judgment seeking a declaration that defendant may not invoke acceleration clauses contained in a bond and mortgage executed by and between the parties hereto in the event of a transfer of the subject property, so long as the transferee agrees to assume the obligation according to the terms of those instruments.[1] Additionally, the parties at oral argument and in their *924 memoranda of law have addressed a further- question to the court: assuming that the consent of the defendant is necessary to prevent possible invocation of the acceleration provisions, may the defendant condition its consent on the plaintiff and transferee agreeing to an increase in the mortgage interest rate.
In 1967 the plaintiff mortgaged its apartment complex to the defendant in the amount of $550,000 in order to secure payment of a debt evidenced by a bond executed simultaneously by the parties. The relevant terms of the mortgage and bond follow. Paragraph fifteen of the mortgage provides, in part, that “this mortgage shall become immediately due and payable if the mortgagor shall convey said premises without the written consent of the mortgagee herein”.
Paragraph sixteen provides that “upon any transfer of the title * * * the successor in title of the mortgagor shall * * * assume and agree to pay the amount secured by this mortgage, and notify the mortgagee of such transfer. And should any subsequent owner of the premises * * * neglect or refuse * * * to assume the payment of the amount secured by this mortgage, the mortgagee herein may, at its option, declare the full balance of the principal sum hereby secured to be due.”
Paragraph eighteen of the mortgage provides that “all the terms, conditions, agreements and covenants contained in the bond accompanying this mortgage * * * are made a part of this mortgage, notwithstanding that the same are not specifically, and at length, herein set forth.”
The relevant portion of the bond is as follows:
“it is further agreed that the whole of the principal sum remaining unpaid shall become due forthwith, at the option of the obligee * * * upon the happening of any event by which, in any case, under the terms of the mortgage securing this bond, the said principal sum may or shall become due and payable.
“That the whole of said principal sum remaining unpaid shall, at the option of the obligee, become due and payable immediately upon the occurrence of any one or more of the following events, viz * * *
*925 “(7) If the mortgaged premises be acquired in whole or in part by any one who does not assume and agree to pay the amount secured by this bond and mortgage accompanying the same.”
At the time of execution of the bond and mortgage, Mr. and Mrs. John Bonady were the owners of all of the stock of plaintiff corporation. Presently, Ms. Linda Butler, one of their daughters, owns all of the outstanding shares of the corporation. Ms. Butler now wishes to dissolve the corporation with a resultant distribution of the property to her. She is willing to assume and agree to pay the amount owing on the bond and the mortgage.
Plaintiff wrote to the defendant inquiring whether the defendant would waive any right it might have to consent to or reject the transfer proposed to be accomplished through dissolution of the corporation. The defendant responded that it believed that the proposed conveyance was one requiring its consent, and that such consent would probably require the modification of the loan’s interest rate to current market levels. Shortly thereafter plaintiff instituted this action.
Plaintiff’s first contention is that the bond and mortgage should be interpreted such that the acceleration clauses may not be invoked in the event of a transfer without the consent of the defendant provided the transferee agrees to assume and pay the bond and mortgage. Plaintiff premises its argument upon a finding of ambiguity in the terms of the bond and mortgage and urges that said ambiguity be resolved by construing the documents against the defendant. “A mortgage is a contract and must be construed in accordance with the intention of the parties * * * as expressed by the language they chose to employ * * * [Wjhere the language is clear and unambiguous it must be given effect in arriving at the parties’ intent”. (Brayton v Pappas, 52 AD2d 187, 188.) Only if there is an ambiguity will the court apply the rule of construction that language of a document must be construed most strongly against the party who supplied the form for agreement. (Rentways, Inc. v O’Neill Milk & Cream Co., 308 NY 342.)
The first ambiguity alleged by plaintiff is that the bond implies that acceleration may be had only if the transferee *926 fails to assume the bond and mortgage. Thus, plaintiff argues, if the transferee does assume the bond and mortgage defendant may not accelerate whether or not it consents to the transfer. Plaintiff’s argument would have some merit if it were not for the language of the bond preceding paragraph seven, and quoted above, which provides that the principal balance may be accelerated upon the happening of any event which by terms of the mortgage would permit acceleration. Paragraph fifteen of the mortgage clearly provides that the principal shall become due upon any transfer made without the written consent of the defendant. By reason of the incorporating language of the bond, that condition is a separate provision of the bond distinct from the condition contained in paragraph seven. If both conditions had been incorporated in one paragraph using language such as: “If a conveyance should be made by the mortgagor * * * without the written consent of the mortgagee, and without assumption * * * by the grantee” then the lender could not accelerate upon a transfer without its consent if the transferee assumed the obligation. (Home Fed. Sav. & Loan Assn. of Palm Beach v English, 249 So 2d 707 [Fla].) The lender could accelerate under such a clause only if the transfer is without its consent and if the transferee fails to assume the debt. But where, as here, each condition has been separately stated it must be held that the bank may accelerate if either the transfer is made without its consent, or if the transferee refuses to assume the mortgage and bond at the time of the transfer. While it seems that the defendant would have been as well protected with only the provision requiring consent to any transfer, since it then could have conditioned its consent to the conveyance upon the transferee assuming the mortgage, the bank is not to be denied its right to accelerate because it made explicit in the agreement that nonassumption by the transferee also gives it the right to accelerate. The presence of both clauses creates no ambiguity.
Plaintiff next alleges that the consent to conveyance clause, by itself, is ambiguous, and cites Silver v Rochester Sav. Bank (73 AD2d 81), as support for this contention. In that case the Appellate Division, by way of dicta, stated that a due-on-sale “clause in the mortgage, standing alone, *927 is ambiguous and misleading to the mortgagor. The normal inference to be drawn from it is that the lender is concerned about the security of the mortgage upon the transfer of ownership of the property.” (Supra, at p 84.) In this court’s view such a clause is not ambiguous; it clearly gives the bank the right to accelerate the principal due date in the event that the mortgagor transfers the property without the lender’s consent. The Appellate Division in Silver gave no reason why the normal inference is that the lender is concerned only with the security of the mortgage, and not at all with the economic consequences of continuing the loan upon the transfer. Since 1976 the Federal Home Loan Bank Board has expressly recognized in its regulations that one of the purposes of a due-on-sale clause is to “enable the lending savings and loan association to * * * (2) Adjust its loan portfolio towards current market rates, thus safeguarding and protecting the financial stability of the association and permitting it to make new home loans at lower interest rates than otherwise would be necessary to maintain an adequate yield on its mortgage portfolio”. (41 Fed Reg 6285.) Indeed, in 1970 the Supreme Court of Broome County recognized that lenders often require due-on-sale clauses in order to “reserve to themselves the right in the event of sale * * * to reappraise the desirability of the loan originally made from the standpoint of * * * the interest rate obtainable in the current money market.” (Stith v Hudson City Sav. Inst., 63 Misc 2d 863, 866.) This court holds that the due-on-sale clause here is clear and unambiguous and thus may be enforced according to its terms.
The clause permitting the bank to accelerate in the event that a transfer is made without its consent contains no conditions or restrictions which limit the bank’s rights to invoke the clause. In particular, the parties did not agree that the bank would not unreasonably or arbitrarily withhold its consent. In cases involving such a condition courts have justifiably determined that the parties by such an agreement intended that consent could be withheld only if the lender was legitimately concerned with the financial abilities of the transferee or with the continued value of the property securing the debt. (See Silver v Rochester Sav. *928 Bank, supra; Iris v Marine Midland Bank of Southeastern N. Y., 114 Misc 2d 251.) However, there is no such condition imposed by the parties in this case which would justify following those decisions. Further, it would be improper for the court to imply any condition not expressly agreed to by the parties other than the condition of good faith and fair dealing implied by law in all contracts. (Van Valkenburgh, Nooger & Neville v Hayden Pub. Co., 30 NY2d 34.) A decision by a lender to condition its consent to a transfer on the transferee agreeing to pay a higher rate of interest which more closely approaches or meets current market interest rates is made for a legitimate business purpose, and does not violate the covenants of good faith and fair dealing. (Ceravolo v Buckner, 111 Misc 2d 676; First Fed. Sav. & Loan Assn. of Rochester v Jenkins, 109 Misc 2d 715; Stith v Hudson City Sav. Inst., supra.)[2]
Finally, plaintiff alleges that the dissolution of the corporation and distribution of the property is not a “sale” within the meaning of the mortgage. The court notes that the word used in the mortgage clause is “convey”, not sell. Since the distribution of property would require a transfer of the title, the distribution proposed constitutes a conveyance within the meaning of the acceleration clause. (See Matter of Loes, 55 NYS2d 723; Mutual Fed. Sav. & Loan Assn. v Wisconsin Wire Works, 58 Wis 2d 99; see, also, Real Property Law, §§ 240, 290.)
For the above reasons the court holds that the defendant savings and loan association, pursuant to the terms of the bond and mortgage, may withhold its consent to a proposed transfer for any legitimate business reason exercised in good faith, including the reason that the interest rate on the mortgage is below current market rates. The parties are free to negotiate the terms upon which the defendant will give its consent, including terms which increase the interest rate payable on the principal amount. In the absence of the defendant’s written consent, any transfer of the property permits the defendant to accelerate the due *929 date and to demand payment of the outstanding principal balance.
Accordingly, plaintiff’s motion for summary judgment is denied, and defendant is awarded summary judgment dismissing the complaint.

. As set forth in the affidavit in support of plaintiff’s motion for summary judgment, the relief requested is a declaration that “a transfer of the realty described in the mortgage set forth in the Complaint can be executed without the consent of the defendant.” The relief requested in the complaint is a declaration that “upon the transfer of the mortgaged premises, that said bond and mortgage are assumable by anyone who assumes and agrees to pay the said mortgage”. The court has interpreted each of these statements as a request for a declaration as stated in the text.

. The sole remaining issue raised in Silver v Rochester Sav. Bank (73 AD2d 81) is whether due-on-sale clauses are in restraint of the right of alienation. The Federal Government has, since the Silver decision, pre-empted State law restrictions on the enforcement of due-on-sale clauses and the concern raised hy the court is no longer an issue. (Garn-St. Germain Depository Institutions Act of 1982, US Code, tit 12, § 1701J-3.)