■ BONADY APARTMENTS, INC., Appellant, v COLUMBIA BANKING FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff instituted this declaratory judgment action seeking a determination that defendant could not invoke a due-on-sale acceleration clause contained in a bond and mortgage executed by and between the parties in the event of a transfer of the mortgaged property. Special Term found that the due-on-sale clause was enforceable by defendant upon any conveyance of the mortgaged property and dismissed plaintiff's complaint. We agree with Special Term's decision regarding the enforceability of the clause, but note that, inasmuch as this is an action for a declaratory judgment, Special Term should have declared the due-on-sale clause valid and enforceable instead of dismissing plaintiff's complaint (*Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901; *Miller v Braun,* 89 AD2d 787). (Appeal from judgment of Supreme Court, Chemung County, Crew, J. — summary judgment.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ. [119 Misc 2d 923.]

■ THOMAS MALONEY, Appellant, v DORIS MALONEY, Respondent. — Order unanimously affirmed, with costs. Memorandum: The parties' separation agreement is unambiguous in providing for permanent support and maintenance for defendant and is not conditioned on the emancipation of the parties' youngest child. Even if we were to view the provision as ambiguous, the testimony of defendant's former attorney would support the same result. (Appeal from order of Supreme Court, Erie County, Johnson, J. — alimony.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.