■ ROBERT FERRAMOSCA et al., Respondents, v NELRAK, INC., Appellant, et al., Defendants. [673 NYS2d 712] —In an action to foreclose a mortgage, the defendant Nelrak, Inc., appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated April 2, 1997, which denied its motion, *inter alia,* to vacate a Referee's report dated July 12, 1996, as amended July 15, 1996, and remit the matter to the Referee for reevaluation and recomputation of the amount due.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the appellant's motion which was to remit the matter to the Referee to recompute the amount due the plaintiffs and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Referee to recompute the amount due the plaintiffs in accordance herewith.

The mortgage at issue, which was executed on April 14, 1989, contained a provision that the principal sum secured by the mortgage would become due and payable "upon transfer of

title". The mortgage note, however, contained several apparently conflicting clauses providing that (1) "the entire principal balance and accrued interest shall become due and payable [on] October 7, 1989", (2) "this note shall not be deemed mature until such time" as a certain "repair extension agreement" was granted by the New York City Department of Housing Preservation and Development, and (3) the "sum secured by this note shall become due * * * by the happening of any * * * event by which under the terms of the Mortgage * * * said principal sum shall become due or payable" i.e., transfer of title. The note further provided that until October 7, 1989, interest was to accrue at the rate of 12% per annum. After that date interest would accrue at the rate of 18% until April 7, 1990, and 21% thereafter. The appellant does not dispute that the plaintiffs were entitled to foreclose on the mortgage as of July 23, 1992, the date the title to the property encumbered by the mortgage was transferred to the appellant. At issue on this appeal is the rate of interest to be used in determining the amount due the plaintiffs.

The plaintiffs do not argue that the condition precedent in the note was fulfilled. Accordingly, the debt secured by the mortgage did not become due until title was transferred to the appellant on July 23, 1992. Under such circumstances, the Referee should have computed the amount due the plaintiffs based upon interest at the rate of 12% until July 23, 1992, and 21% thereafter. Since he failed to do so, the matter must be remitted to the Referee to recompute the sum due.

The appellant's remaining contentions are without merit (*see, Bonady Apts. v Columbia Banking Fed. Sav. & Loan Assn.*, 119 Misc 2d 923, *mod on other grounds* 99 AD2d 645). Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.