Sidney H. Asch, J.
Defendant moves for summary judgment in this action for declaratory judgment in which further relief in the form of an injunction is also sought. Plaintiff, a New York real estate investment trust, is the owner of certain real property located in Pennsylvania with improvements thereon consisting of two apartment house complexes. Defend *676 ant, a New York banking corporation, holds two mortgages on the subject premises, both of which contain a so-called "due-on-sale” clause entitling the mortgagee to accelerate at its option the balance due on the mortgage in the event of sale or conveyance of the mortgaged property.
Plaintiff alleges that it entered into a written agreement to sell the subject premises to a purchaser whose financial condition is superior to that of plaintiff and who presumably (although as much is not stated in so many words in the papers before the court) was prepared to assume the mortgage; that, thereafter, plaintiff furnished defendant information substantiating the financial responsibility of the principals of the corporate entity seeking to purchase the subject premises; that plaintiff requested defendant to waive its right under the mortgage agreement to accelerate the balance due in case of sale or conveyance; that defendant refused to waive such right and that such refusal was "unreasonable”. It is further alleged in the complaint that defendant conspired with its Pennsylvania agent servicing the mortgage to prevent the sale in question so that a "favored customer” might be able to purchase the subject premises instead at a lower price.
Plaintiff seeks a judgment declaring (1) that the due-on-sale clause is void and unenforceable unless it is construed to contain a condition that the mortgagee’s consent to a sale or conveyance is not to be withheld unreasonably and (2) that defendant’s refusal to consent to the sale of the subject premises to a financially responsible purchaser constitutes an unreasonable withholding of such consent. Injunctive relief compelling defendant to consent to the sale of the premises to plaintiff’s purchaser is incidentally sought. Also sought are money damages representing the sum of the purchase price offered by plaintiff’s purchaser.
The papers on this motion discuss in some detail the factual circumstances surrounding defendant’s refusal to waive its right to accelerate in case of a sale. Plaintiff contends that defendant was furnished ample data substantiating the financial soundness of the proposed purchase; defendant, on the other hand, asserts that the data furnished was insufficient to establish the financial responsibility of the proposed purchaser and that the possible effect of the proposed transfer on the security of its mortgage investment was a matter of legitimate concern.
The court is unable to determine on this motion whether *677 the additional information requested by defendant, and not supplied by plaintiff, was, as plaintiff puts it "utterly and totally unreasonable and unheard of in the mortgage-lending business.” In other words, whether defendant’s invocation of the due-on-sale clause was reasonably necessary to protect its security in the mortgaged property is an issue of fact left unresolved on this motion. However, in view of the specific declaratory relief requested in this action (supra), such a factual issue would be rendered academic should it be determined, as a matter of law, that defendant is entitled to withhold its consent to the proposed sale and invoke the due-on-sale clause irrespective of the financial responsibility of the proposed purchaser.
The authorities, it should be noted, are in conflict on this point. As a general proposition, the "due-on” or "due-on-sale” clause is not held to be invalid on its face. (Ann., 69 ALR3d 713, § 4.) However, some courts in other jurisdictions, do not, at least for the purpose of foreclosure, accord automatic enforcement to the due-on-sale clause, i.e., the sale must result in some impairment to the mortgagee’s security and the mortgagee must demonstrate some legitimate basis for refusing to consent to a particular transfer of the mortgaged property, (see Ann., 69 ALR3d 713, 746-751.)
While both parties hold the view that the applicable law is that of Pennsylvania, neither has brought to the court’s attention any Pennsylvania authority on point. Nor has the court’s own research been availing in this regard. (It is interesting to note that Pennsylvania is not represented among the numerous jurisdictions cited in an annotation on the subject of the validity, construction and application of due-on-sale clauses in 69 ALR3d 713). Under the circumstances, the court might presume that Pennsylvania law on the subject is the same as New York law. (Atlas Fin. Corp. v Ezrine, 42 AD2d 256.)
A Wisconsin case, Mutual Fed. Sav. & Loan Assn. v Wisconsin Wire Works (58 Wis 2d 99, 106) cites Blomgren v Tinton 763 Corp. (33 Misc 2d 1057) to the effect that New York sanctions "the use of 'due on sale’ acceleration clauses, but the mortgagee’s option to accelerate the mortgage debt will be enforced only if it does so in good conscience and fairness to the mortgagor.” This New York authority, however, did not involve a due-on-sale provision.
The only New York authority directly on point is Stith v *678 Hudson City Sav. Inst. (63 Misc 2d 863). There the court adopted the reasoning of the California Court of Appeals in Cherry v Home Sav. & Loan Assn. (276 Cal App 2d 574) (subsequently disapproved in Tucker v Lassen Sav. & Loan Assn., 12 Cal 3d 629, at least with respect to sales on installment payments) that the mortgagee has "no obligation to act only in a manner in which others might term reasonable.” Upon that premise, the court rejected the contention that the due-on-sale clause includes an implied condition that if a financially responsible purchaser were willing to assume the obligation, the mortgagee may not unreasonably withhold its consent to the transfer or assumption or condition such consent upon additional consideration, e.g., an increase in the rate of interest to be paid.
The grounds for upholding the "due-on-sale” provision were convincingly set forth in Stith v Hudson City Sav. Inst. (supra; p 866): "Acceleration provisions in mortgages are intended and designed for the protection of the mortgagee and to make the security more effective, (59 CJS, Mortgages, § 113) and such was the purpose of the clause under consideration. It is common knowledge that 'due-on-sale’ provisions similar to that here employed are often insisted on by loaning institutions. They thereby reserve to themselves the right in the event of sale, to determine whom they wish to accept as a debtor and owner of the security, and to reappraise the desirability of the loan originally made from the standpoint of the then value and condition of the security covered and the interest rate obtainable in the current money market. The Kennedy’s sale of the mortgaged premises gave Hudson the option to make such decisions and reappraisals, and as a result it has elected to declare the mortgage due and payable. The acceleration clause was one which the parties to the mortgage agreed to in a fair and legal contract, and does not constitute a forfeiture or a penalty (Graf v. Hope Bldg. Corp., 254 N. Y. 1; Albertina Realty Co. v. Rosbro Realty Corp., 258 N. Y. 472).”
Clearly, the circumstances in a given case might be such as to restrict or restrain the mortgagee’s right to accelerate under a due-on-sale provision such as that found in this case. Since the issue of mortgage foreclosure falls within the court’s equity jurisdiction, the court sitting in equity may refuse to enforce the clause when acceleration of the due date would effect an unconscionable or unfair result. (See, e.g., Loughery
*679 v Catalano, 117 Misc 393; Scheible v Leinen, 67 Misc 2d 457; Clark v Lachnmeier, 237 So 2d 583 [Fla]; Gibraltar Fin. Corp. v Rouse, 145 Ore 89; Mutual Fed. Sav. & Loan Assn. v Wisconsin Wire Works, 58 Wis 2d 99, supra; Ann., 69 ALR3d 702; Mutual Fed. Sav. & Loan Assn. v American Med. Servs., 66 Wis 2d 210.)
There are no facts set forth which require such a result in this case. The only allegation in the complaint bearing upon defendant’s reasons or motives for refusing to consent to the sale is to the effect that defendant’s Pennsylvania agent had a favored customer who wished to purchase the property at a price lower than that offered by plaintiff’s purchaser. This allegation naturally carries with it the implication that defendant was not dealing in good faith and resorted to the due-on-sale clause so as to unconscionably and inequitably interfere with plaintiff’s right of free alienation. However, plaintiff’s allegations in this regard are conclusory and its papers on the motion fail to come forward with any supporting evidentiary detail. Plaintiff’s assertion that defendant’s Pennsylvania agent gave assurances that defendant would approve the sale if made to the favored customer is of no particular significance as it appears that similar assurances were made with respect to the proposed sale to plaintiff’s preferred purchaser. In any event, it is far from clear whether the Pennsylvania concern was acting herein as defendant’s agent, as such, with authority to modify or terminate defendant’s mortgage agreements with plaintiff or rather as a mere means of communication between the parties. No proof has been submitted that the Pennsylvania entity was authorized in writing to act on defendant’s behalf regarding a waiver of defendant’s right to accelerate in case of sale (General Obligations Law, § 5-1111).
Although the "due-on” device is frequently employed, the appellate courts in our State have not as yet considered its legal effect. Perhaps, as suggested by Professor Leon Wein (Due On Sale in New York, 49 NY State Bar J 203, 242): "the legislature might devise a set of standards to restructure commercial morality as it is associated with the extension of mortgage credit.”
Accordingly, the motion for summary judgment is granted to the extent of directing judgment in favor of the defendant declaring: (1) that the clause in question is not void and unenforceable according to its terms; (2) that defendant’s *680 refusal to consent to the sale of the mortgaged property to a financially responsible purchaser does not constitute, in and of itself, an unconscionable or inequitable exercise of its option to accelerate the balance due pursuant to the due-on-sale clause, which option is accordingly entitled to judicial enforcement. The first and fourth causes of action are dismissed.