**John R. PARKER et al.,**
**Plaintiffs-Appellants,**

v.

**Everette A. COVINGTON, Jr., Trustee et al., Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

Feb. 16, 1981.

Permission to Appeal Denied by Supreme Court April 27, 1981.

Abridged Opinion May 8, 1981.

Tom H. Williams, Jr., Nashville, for plaintiffs-appellants.

Richard D. Speight, Nashville, for defendants-appellees.

Charles L. Cornelius, Jr., Cornelius, Collins, Higgins & White, Nashville, for Tenn. Savings & Loan League (amicus curiae).

## ABRIDGED OPINION

TODD, Presiding Judge.

(With the concurrence of the participating judges, the original opinion has been abridged for publication)

This is a suit to enjoin foreclosure of a trust deed under the "due on sale" clause and for a declaratory judgment that said clause is invalid. From a decree dismissing the suit, the plaintiffs-mortgagors have appealed.

On July 16, 1976, plaintiffs executed to Everette A. Covington, Jr., Trustee, a trust deed conveying a described parcel in trust to secure the payment of a note of $25,600 to Security Federal Savings and Loan Association.

Said trust deed contained the following provision:

(18) This Deed of Trust shall become due and payable forthwith at the option of the Association and the right to foreclose shall immediately accrue if we, without written consent, further encumber the premises, or if we convey away said premises or if title thereto shall become vested in any other person, persons, corporation or association in any manner whatsoever;

On May 1, 1978, plaintiffs conveyed all their interest in the property to Allen B. Revelette and wife by installment deed which provided that purchasers would pay the purchase price in installments to sellers and that sellers would continue to pay installments as due upon the first mortgage to Security Federal. The arrangement just stated is generally referred to as a "wrap around agreement."

All installments of both debts have been paid as due.

Appellants first argue that the opinion in the case of *Gunther v. White*, Tenn.1973, 489 S.W. 529, is not controlling. In that case, the Supreme Court held a similar acceleration clause to be valid over the complaint that the mortgagee used the "due-on-sale" clause to demand a higher rate of interest after the sale by the mortgagor. The Court said:

> ... Appellants then filed suit, charging on these facts that the refusal on the part of appellees to permit the transfer on the basis of 6¼% interest "is not only in restraint of trade, against public policy, contrary to the provisions contained in said original note, a violation of the right to contract, but is also an act which, under the facts, unduly alienates the long established right of a party to sell and convey real estate subject to an existing mortgage." In this Court, appellants make the same contentions.
>
> With respect to these contentions, it is sufficient to say that they are without merit. There are no provisions in the note or the deed of trust in any way limiting appellees' right to rely on the acceleration provision.
>
> . . . .

This brings us to the real question, whether an acceleration provision such as this one is valid and enforceable where the admitted motive for exercising the option is to secure an increase in the rate of interest.

. . . .

> Finally analyzed, the situation here is simply that appellants can sell their property at a higher price if they can sell it at the lower interest rate. The appellees under their contract have the right to insist upon the repayment of their loan in the event of sale, so that they can relend the money at an increased interest rate, and so maintain their supply of lending money, at the level of their present cost of such money. In this situation, equity should not depart from the law which requires it to enforce valid contracts and strike down the acceleration option simply because its exercise will let the appellees, not the appellants, make the profit on the interest rate occasioned by the increased cost of money.

489 S.W.2d at 529, 530, 531, 532.

■ Appellants argue that the present case differs from *Gunther* in that the purchaser in *Gunther* was repaying the first mortgage at a lower rate of interest, whereas, in the present case, the purchasers were paying a higher rate of interest upon the entire purchase price and the sellers were paying the lower rate on the first mortgage and pocketing the difference. The difference of detail in dealings between the mortgagors and their purchaser cannot affect the rights of the mortgagee who was not privy to the dealings of the mortgagors and their purchasers.

*Gunther* is simply indistinguishable from the present case on the ground suggested.

■ Appellants next state that the rule followed in *Gunther* has "quickly eroded," citing authorities from California, Michigan and Arizona. This Court does not subscribe to the rationale of the cited authorities that competent parties can evade their contractual obligations freely assumed for a good consideration upon the pretext that the ob-

ligation assumed may in some way hamper the profitable activities of the would-be evader. Nor is it reasonable to put the burden upon a contracting party to show that the challenged provision was economically necessary.

Moreover, in view of the extensive authorities cited in *Gunther*, the logical reasoning therein, and the positive conclusions expressed by the Supreme Court, it would not be proper for this Court to "join the growing trend" of decision against "due on sale" clauses.

The decree of the Chancellor is affirmed. Costs of this appeal are taxed against appellants. The cause is remanded for such further proceedings as may be necessary and proper.

Affirmed and remanded.

CANTRELL and CONNER, JJ., concur.