Harold and Margot SIEGEL, Appellants,

v.

EMPIRE SAVINGS BANK, Respondent.

EMPIRE SAVINGS BANK, Respondent,

v.

BIO–REALTY, INC., Appellant,

Brookdale Ten Investment Co., Appellant,

Twin City Federal Savings and Loan Association, Defendant,

Harold and Margot Siegel, Appellants.

No. 51393.

Supreme Court of Minnesota.

April 3, 1981.

Cox & Goudy and Charles A. Cox, Minneapolis, for Bio-Realty, Inc., and Harold and Margot Siegel.

Samuel Saliterman and Richard H. Porter, Minneapolis, for Brookdale Ten Investment Co.

Dorsey, Windhorst, Hannaford, Whitney & Halladay and Robert Bayer, Minneapolis, for Empire Sav. Bank.

Mackall, Crounse & Moore and Eric O. Madson, Minneapolis, for Twin City Federal Sav. & Loan Assn.

OTIS, Justice.

This matter is before the court in response to an order of the United States District Court, dated April 13, 1980, a copy

of which is appended hereto, certifying for our determination the following question of law:

Is [the following provision of a mortgage] paragraph 19, involving a sale of commercial property by a contract for deed,

   a) void per se, or

   b) enforceable per se, or

   c) enforceable only when reasonable under the circumstances; and if so, upon whom does the burden of proof fall?

> Mortgagor further covenants and agrees that except for leases not exceeding a term of two years, any conveyances or other transfer of all or any part of the interest of the Mortgagor, in whole or in part of the Mortgaged Premises without obtaining, in each instance, the written approval of Mortgagee shall give to Mortgagee the right, at its option, of declaring the unpaid principal balance of said principal note and interest thereon together with all sums advanced hereunder, if any, immediately due and payable without notice.

Under Minnesota Law as set forth in *Holiday Acres No. 3 vs. Midwest Federal Savings and Loan Association of Minneapolis*, No. 50637 (Minn., April 3, 1981), filed herewith, paragraph 19 is enforceable per se.

The certification order is presented to this court on a motion for summary judgment in the Federal court. Consequently, we confine our consideration of the facts to those contained in that order and intimate no opinion with respect to the enforcement of "due-on-sale" clauses in any other context.