463 A.2d 4

**BANK OF PENNSYLVANIA**

v.

**G/N ENTERPRISES, INC. and Joseph Cagigas and Dennis J. Sweeney, Co-Partners as Tenants in Partnership.**

**Appeal of Joseph CAGIGAS and Dennis J. Sweeney, Co-Partners as Tenants in Partnership.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1983.

Filed July 15, 1983.

368

Charles W. Elliott and John P. Thomas, Allentown, submitted a brief on behalf of appellants.

William G. Malkames, Allentown, for appellee.

Before BROSKY, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

On November 1, 1979, Bank of Pennsylvania caused a judgment to be entered against G/N Enterprises, Inc. for $193,779.83 pursuant to warrant of attorney contained in a bond accompanying a mortgage on real estate in the City of Allentown. G/N Enterprises, Inc., the original mortgagor, did not contest the judgment. However, Joseph Cagigas and Dennis J. Sweeney, who had been named in the complaint to confess judgment as terre-tenants of the mortgaged real estate,[1] filed a motion to open the judgment. Depositions were taken, the merits of the petition were argued, and the court denied relief. This appeal followed.

We conclude that appellants' request was properly denied and that the order of the trial court must be affirmed. In the first place, appellants were strangers to the judgment entered in personam against the obligor of the bond. Secondly, appellants failed to plead a meritorious defense to the judgment.

---

1. The naming of the terre-tenants in the complaint to confess judgment against G/N Enterprises, Inc. was unnecessary.

■ The holder of a bond and mortgage can proceed in rem or in personam to enforce his claim. 13 Std.Pa. Practice Revised 586. He may proceed by an action of mortgage foreclosure or by an action on the bond which the mortgage secures. *Cooper v. Lucas,* 152 Pa.Super. 655, 658, 33 A.2d 466, 467 (1943); *Long v. Bowman,* 118 Pa.Super. 367, 370, 179 A. 857, 858 (1935). In actions of mortgage foreclosure the procedure is governed primarily by the Rules of Civil Procedure. See: Pa.R.C.P. 1141–1150. An action of mortgage foreclosure is commenced by the filing of a complaint, Pa.R.C.P. 1143, which must name as defendants the mortgagor and also the real owner, or terre-tenant, of the property. Pa.R.C.P. 1144(a). A "real owner" or "terre-tenant" is one who claims an interest in the land subject to the lien of the mortgage. *Commonwealth Trust Co. of Pittsburgh v. Harkins,* 312 Pa. 402, 408–409, 167 A. 278, 280–281 (1933); *U.S. Steel Homes Credit Corporation v. South Shore Development Corporation,* 277 Pa.Super. 308, 312, 419 A.2d 785, 787–788 (1980). Thus, one who takes title from the mortgagor is a "real owner." *Integrity Trust Co. v. St. Rita Building & Loan Assn.,* 112 Pa.Super. 343, 171 A. 283 (1934), *aff'd,* 317 Pa. 518, 177 A. 5 (1935); *Provident Trust Co. v. Judicial Building & Loan Assn.,* 112 Pa.Super. 352, 171 A. 287 (1934). A subsequent owner must be named as a real owner in a mortgage foreclosure action, for the action is in rem and binds only the mortgaged property. *Meco Realty Co. v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964); *Signal Consumer Discount Co. v. Babuscio,* 257 Pa.Super. 101, 106–107 & n. 6, 390 A.2d 266, 269 & n. 6 (1978); 13 Std.Pa. Practice Revised 627.

■ In a proceeding by confession of judgment on the bond, the object is to obtain judgment against the obligor of the bond. This is a proceeding in personam. The judgment, unlike a judgment in mortgage foreclosure, is general and is not restricted to the mortgaged premises. It constitutes a lien generally on real estate owned by the obligor at the time of the judgment. With respect to the mortgaged premises, the lien of the judgment relates back to the date

of the lien of the mortgage by which the bond is secured. *First Federal Savings & Loan Association of Greene County v. Porter*, 408 Pa. 236, 243, 183 A.2d 318, 323 (1962); *West Arch Building & Loan Assn. v. Nichols*, 303 Pa. 434, 439, 154 A. 703, 704 (1931); *Cooper v. Lucas, supra; Moore v. Schell*, 99 Pa.Super. 81, 85 (1930). "When the property which is subject to the mortgage [has been] transferred without payment of the mortgage, the property in the hands of the transferee continues to be security for the performance of the obligation, and for any default the mortgagee may seize and sell the property in the hands of the transferee." *Mancine v. Concord-Liberty Savings and Loan Association*, 299 Pa.Super. 260, 269, 445 A.2d 744, 748 (1982). Thus, a judgment entered on the bond creates a lien on the mortgaged premises even though such premises may have been conveyed before the judgment was entered and no matter who may be the owner at the time the judgment is entered. *Keene Home v. Startzell*, 235 Pa. 110, 83 A. 584 (1912).

■ The judgment confessed on the bond, being in personam against the obligor, does not bind strangers to the bond. It does not bind the person of one who has purchased the real estate subject to the mortgage. It follows that such a person has no right to attack the validity of the judgment entered in personam against the obligor. See: *First Federal Savings & Loan Association of Greene County v. Porter, supra* 408 Pa. at 241, 183 A.2d at 322.

If the terre-tenant or real owner of the mortgaged real estate has no interest in the judgment entered in personam against the obligor of the bond, how does he protect himself against the mortgagee's attempt to enforce the judgment against the mortgaged real estate which he owns? The answer, of course, lies in the Rules of Civil Procedure which govern the enforcement of judgments. Pa.R.C.P. 3129 provides that no writ of execution to sell real estate shall issue upon a judgment without written notice to the owner or reputed owner of the real estate. See also: *Luskey v. Steffron, Inc.*, 461 Pa. 305, 336 A.2d 298 (1975), *on rehear-*

*ing,* 469 Pa. 377, 366 A.2d 223 (1976), *cert. denied,* 430 U.S. 968, 97 S.Ct. 1651, 52 L.Ed.2d 360 (1977). Pa.R.C.P. 3121, moreover, contains the procedure by which a writ and/or levy can be set aside whether "(1) for a defect therein; (2) upon a showing of exemption or immunity of property from execution; or (3) upon any other legal or equitable ground therefor." This remedy is peculiarly appropriate where, as in the instant case, the owner of the mortgaged real estate has no defense to the principal obligation secured by the mortgage and challenges only appellee's present right to enforce the mortgage against the real estate.

The defenses which appellants averred in their petition to open were inadequate to constitute a defense to the judgment entered against the obligor on the bond. If their alleged defenses have validity, they will serve only to prevent enforcement of the judgment against the mortgaged real estate.

Appellants' principal defense is their contention that the "due-on-sale" clause contained in the mortgage is unenforceable against the real estate. This clause provides:

"If the Mortgagor shall ... transfer either legal or equitable title to the mortgaged premises without the prior written approval of the Mortgagee, then ... at the option of the Mortgagee: ... (b) the whole unpaid balance of the principal indebtedness, together with all interest thereon and all other sums hereby secured, shall become due and payable immediately ... and shall be recoverable by the Mortgagee forthwith...."

It was pursuant to the provisions of this clause that the appellee bank alleged a default and caused judgment to be entered against G/N Enterprises, Inc. for the entire mortgage balance when the mortgaged real estate was conveyed to appellants.

■ "Generally, a provision in a mortgage agreement according the mortgagee the option to accelerate the maturity of the mortgage debt, under certain conditions or upon the happening of specified events, is regarded as a legitimate contractual stipulation." *Ministers and Missionaries*

*Benefit Board of the American Baptist Churches v. Gold-sworthy,* 253 Pa.Super. 321, 328–329, 385 A.2d 358, 362 (1978) citing 55 Am.Jur.2d, Mortgages §§ 371–393. Such clauses are construed in accordance with the intention of the parties to the same extent as other contracts.

■ "Due-on-sale" acceleration clauses are not unusual and are not per se invalid except as their use may be restricted by statute.[2] Anno., Validity, Construction, and Application of Clause Entitling Mortgagee to Acceleration of Balance Due in Case of Conveyance or Transfer of Mortgaged Property, 69 A.L.R.3d 713, 727 (1976). See: *Siegel v. Empire Savings Bank,* 304 N.W.2d 335 (Minn. 1981); *Tierce v. APS Co.,* 382 So.2d 485 (Ala.1979); *Crockett v. First Federal Savings & Loan Assn. of Charlotte,* 289 N.C. 620, 224 S.E.2d 580 (1976); *Baker v. Loves Park Savings & Loan Assn.,* 61 Ill.2d 119, 333 N.E.2d 1 (1975); *Malouff v. Midland Federal Savings & Loan Assn.,* 181 Colo. 294, 509 P.2d 1240 (1973); *Walker Bank & Trust Co. v. Neilson,* 26 Utah 2d 383, 385, 490 P.2d 328, 329 (1971); *Parker v. Covington,* 614 S.W.2d 810 (Tenn.App.1981); *Mutual Real Estate Investment Trust v. Buffalo Savings Bank,* 90 Misc.2d 675, 395 N.Y.S.2d 583 (1977); *Stith v. Hudson City Savings Institution,* 63 Misc.2d 863, 313 N.Y.S.2d 804 (1970); *People's Savings Assn. v. Standard Industries, Inc.,* 22 Ohio App.2d 35, 257 N.E.2d 406 (1970). Although such a clause constitutes a restraint on the mortgagor's ability to sell his real estate, so long as the acceleration clause does not attempt to restrict absolutely the mortgagor's ability to dispose of his property, the clause does not impose the type of restraint on alienation that will render it void. See: 69 A.L.R.3d at 732. "Due-on-sale" clauses have been subjected to close scrutiny in recent years, however, and some courts have refused to enforce them by foreclosure in the absence of an allegation and/or

**2.** In Pennsylvania, the right to accelerate the maturity of a residential mortgage is limited by Section 403 of the Act of January 30, 1974, P.L. 13, No. 6, 41 P.S. 403. The mortgage in the instant case is not a residential mortgage, and the mortgagor has not objected to or contested the entry of judgment for the accelerated balance.

showing that the mortgage security has been impaired. See: *Wellenkamp v. Bank of America,* 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978); *Patton v. First Federal Savings & Loan Assn. of Phoenix,* 118 Ariz. 473, 578 P.2d 152 (1978); *Bellingham First Federal Savings & Loan Assn. v. Garrison,* 87 Wash.2d 437, 553 P.2d 1090 (1976); *Nichols v. Evans,* 92 Misc.2d 938, 401 N.Y.S.2d 426 (1978); *Nichols v. Ann Arbor Federal Savings & Loan Assn.,* 73 Mich.App. 163, 250 N.W.2d 804 (1977); *Fidelity Land Development Corp. v. Rieder & Sons Bldg. & Development Co.,* 151 N.J.Super. 502, 377 A.2d 691 (1977); 69 A.L.R.3d at 748 et seq. (collecting cases). Other courts have subscribed to the view that "due-on-sale" acceleration clauses serve a valid business purpose and are per se enforceable except where such enforcement would lead to an unconscionable result. *Williams v. First Federal Savings & Loan Assn. of Arlington,* 651 F.2d 910 (4th Cir.1981); *Sonny Arnold, Inc. v. Sentry Savings Assn.,* 633 S.W.2d 811 (Tex.1982); *Occidental Savings & Loan Assn. v. Venco Partnership,* 206 Neb. 469, 293 N.W.2d 843 (1980); *Tierce v. APS Co., supra; Crockett v. First Federal Savings & Loan Assn. of Charlotte, supra.*

■ In the instant case, the appellee-bank has not yet attempted to enforce the "due-on-sale" acceleration clause by executing against the mortgaged real estate. It has done no more than enter judgment in personam against the mortgagor for the accelerated balance. As a result, the trial court did not determine, and we find it unnecessary to review, whether appellee's security has been impaired by the sale of the mortgaged premises or, in any event, whether such a limitation will be imposed upon appellee's right to foreclose.[3]

Similarly, appellants' contention that appellee waived the right to foreclose by accepting monthly mortgage payments

---

**3.** The testimony taken in depositions was that the value of the mortgaged real estate had appreciated in value. Appellee's vice president conceded that its reason for objecting to the sale of the real estate subject to the mortgage was the lower than current interest rate established by the mortgage.

from the real owners is of no avail to appellants to prevent the entry of judgment for the full amount of the loan balance against the original mortgagor. The effect of accepting these payments, if any, would be to prevent appellee's use of the "due-on-sale" clause to foreclose on the real estate now owned by appellants. This, too, can better be determined in foreclosure proceedings if and when they are commenced.

Order affirmed.