# Eastern Nat'l. Bank v. G.A. Hops Enterprises

*Jack F. Karpf,* for plaintiff.
*Guy T. Matthews,* for defendant.

SOKOLOVE, *J.,* July 9, 1986—This is an action in mortgage foreclosure upon property owned by Gary A. Hops, located at 653 Old Lincoln Highway, Langhorne, Bucks County, Pa. Defendants have appealed from our order dated April 16, 1986 granting plaintiff's motion for summary judgment.

Defendants concede that the mortgage on the property owned by Gary A. Hops is in default due to G. A. Hops Enterprises, Inc.'s "Enterprise" failure to make payments on a $250,000 commercial term note.[1] Gary Hops had executed an Endorsement

---

1. The note was also secured by real property located on Route 537 and Mt. Laurel Roads in Hainesport, N.J.

document with the note, and also executed an unlimited guaranty in the amount of $250,000 to Enterprise.[2]

Defendants allege in the answer and new matter that plaintiff had previously brought an action against defendants on the note in the Superior Court of New Jersey and a judgment was obtained September 27, 1984. Defendants claim that since the New Jersey action involved the same parties and the breach of the payment provisions of the commercial term note, the New Jersey judgment would be res judicata to the present action to foreclose on the property located in Pennsylvania. We note that the amended judgment rendered by the Superior Court of New Jersey Law Division, Burlington County, no. L-047648-84 is titled Eastern National Bank v. G. A. Hops Enterprises, Inc., a New Jersey Corporation, individually, and t/a Brass Key Restaurant and Gary A. Hops, jointly, severally and alternatively. The judgment by confession is entered against G. A. Hops Enterprises, Inc. t/a Brass Key Restaurant jointly, severally and alternatively, and not against Mr. Hops individually. We did not find the defendants' argument compelling in light of the present in rem foreclosure action against the property located in Pennsylvania. We note that it is well established that,

"A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties, on the same cause of action. Identity of the thing sued for, the causes of action, and of the quality of the capacity of the parties suing or sued, is essential to the application of the doctrine [of res judicata]. Keystone Building Corporation v.

---

2. Gary A. Hops is the president of G. A. Hops Enterprises, Inc.

Lincoln Savings and Loan Association, 468 Pa. 85, 360 A.2d 191 (1976), (additional cites omitted)."

However, the "essential inquiry (as to res judicata) is whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties had an opportunity to appear and assert their rights." In re Jones & Laughlin Steel Corporation, 328 Pa. Super. 442, 477 A.2d 527 (1984) p. 530 (cites omitted).

A mortgage and an accompanying note are separate obligations. The note is evidence of the debt; and the mortgage provides collateral security for the debt. Haggerty v. Fetner, 332 Pa. Super. 333, 481 A.2d 641 (1984); Courtney v. Ryan Homes, Inc., 345 Pa. Super. 109, 497 A.2d 938 (1985). The holder of a bond and mortgage can proceed by enforcing his claim either in personam or in rem by filing either an action in mortgage foreclosure or by filing an action on the note which is secured by the mortgage. Bank of Pennsylvania v. G/N Enterprises, Inc., 316 Pa. Super. 367, 463 A.2d 4 (1983); Raneri v. Inn America of Pennsylvania, Inc., 29 D. & C.3d 239 (1984) (additional cites omitted). A judgment entered on the note, in general, is not restricted to the mortgaged premises and is a judgment against the maker of the note personally. Bank of Pennsylvania v. G/N Enterprises, Ibid. p. 6.

The New Jersey suit brought against defendants on the note, therefore, would not preclude a later suit to proceed against the real estate secured by the note. Since the New Jersey judgment did not adjudicate the proceeding in rem on the mortgaged property, that judgment would not be res judicata to the within suit in mortgage foreclosure.

Defendants next assert that this court lacks jurisdiction over this matter due to certain language contained in the instruments which purport to limit

jurisdiction to the Superior Court or the Federal District Court in New Jersey. Defendants are referring to the note between plaintiff and Enterprise which states at page 9, "The undersigned and each of them agree to the exclusive jurisdiction of the Superior Court of New Jersey and the United States District Court for the District of New Jersey in all disputes which may arise between Bank and the Undersigned."[3] However, Paragraph 32 of the mortgage states:

"This mortgage has been made and delivered in and is to be interpreted in accordance with the laws of the State of New Jersey, and the rights, duties and obligations of the Mortgagor and Mortgagee hereunder are to be governed by the laws of that State."

In reviewing those provisions we found no breach by plaintiff as alleged by defendants. The suit on the note *was* brought in the Superior Court of New Jersey. The mortgage instrument directs that the law of New Jersey would apply, but does not limit jurisdiction to the New Jersey courts. The law in New Jersey would direct that a suit against property located in Pennsylvania be brought in Pennsylvania. See Title 2A:50-1 note 4, "The lien of a mortgage upon land can be enforced only in the state or other territorial jurisdiction where land is situated, and the law of the place where the mortgaged premises are located controls regarding foreclosure proceedings and statutory provisions as to foreclosure do not apply as to land lying in another state." Guardian Life Insurance Company of America v. Rita Realty Co., 5 A.2d 45, 17 NJ MISC 87 (1939); see also

---

3. The endorsement signed by Hops individually does not contain this provision.

Cunningham & Tischler, N.J. Practice Law of Mortgages, §205. "A foreclosure action seeking a sale of the mortgaged premises is an action quasi in rem and can be instituted only in the state where the land is situated." Moreover, even if we were to find that defendants were correct in determining that the documents gave New Jersey courts exclusive jurisdiction over the mortgage as well as the note by the provisions of the instruments, that would not necessarily preclude this court's jurisdiction, since ". . . it is fundamental that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist." Giannini v. Foy, 279 Pa. Super. 553, 421 A.2d 338 (1980); Commonwealth v. Morganthaler, 320 Pa. Super. 120, 466 A.2d 1091 (1984); Pullium v. Laurel School District, 316 Pa. Super. 339, 462 A.2d 1380 (1983). The basis of the court's jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum state. Whitmer v. Whitmer, 243 Pa. Super. 462, 365 A.2d 1316, cert. denied, 98 Supreme Ct. 67, 434 U.S. 822, 54 L. Ed. 79 (1976). Under New Jersey law, the New Jersey courts would not accept jurisdiction over real property located outside of the state. It is manifest that the court in Pennsylvania is the proper tribunal to litigate the mortgage foreclosure action.

We found that the court does not lack jursdiction, and based upon all evidence presented there was no genuine issue to any material fact, and that plaintiff was entitled to summary judgment as a matter of law. Pa.R.C.P. 1035, Ro-Med Construction Co., Inc. v. Clyde M. Bartley, Inc., 270 Pa. Super. 420, 411 A.2d 790 (1979).