566 A.2d 320

**Lawrence MARRA and Francesca Marra, Husband and Wife, Appellants,**

v.

**Kenneth STOCKER, Sheriff of Northampton County, Merchants Bank, N.A., Brian R. Hartman, Robert S. Apgar, Marie E. Apgar.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1989.

Decided Nov. 16, 1989.

Gerald M. Barr, Allentown, for appellants.

John M. Metzger, Allentown, for Merchants Bank, appellee.

Brian M.P. Monahan, Easton, for Hartman and Apgar, appellees.

Before TAMILIA, KELLY and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal from judgment for appellees entered May 12, 1989, denying appellants' motion to declare a sheriff's sale null and void. Appellants brought the underlying action six months after the mortgage foreclosure by appellee/bank and subsequent sheriff's sale of the property at issue to appellee/Hartman.

On November 22, 1982, Robert S. Apgar and Marie E. Apgar received title to the property in question and subsequently mortgaged it to appellee/bank. The mortgage contained a "due on sale" clause. Appellants later purchased the property at a tax upset sale for $1,614.37; whereupon the county tax claim bureau deeded the premises to appellants. Although appellants notified appellee/bank of their interest and requested the balance due on the mortgage, appellee/bank, on December 22, 1986, filed and served a mortgage foreclosure action against the Apgars, who had previously filed for bankruptcy, and against appellants as terre tenants. Appellants did not file a responsive pleading, and at the April 10, 1987 sheriff's sale of the property, although appellants attended they did not bid on the property. The successful bidder was appellee/Hartman.

■ Appellants argue the sheriff's sale should be declared null and void because appellee/bank did not notify them of the intention to foreclose as required in 41 P.S. § 403, Notice of intention to foreclose.

(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation,

commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

41 P.S. § 403(a). Furthermore, under section 404, Right to cure a default, the reason for such notice is so that a residential mortgage debtor may cure his default and prevent sale or other disposition of the property and avoid acceleration by tendering the amount or performance specified.

Appellee/bank served appellants with the mortgage foreclosure action on January 16, 1987, thereby notifying them of the foreclosure action. In fact, this service was also sufficient so as to notify appellant of the subsequent sheriff's sale, which he did not participate in but nonetheless attended. Appellee did not follow the requirements of 41 P.S. § 403, *supra,* claiming appellants were terre tenants, not residential mortgage debtors entitled to such notice.

In order to decide if appellee/bank gave proper notice, we must first determine whether or not appellants are residential mortgage debtors to whom the notice requirements of 41 P.S. § 403 apply. A residential mortgage debtor is defined as "a non-corporate borrower who is obligated to a residential mortgage lender to repay in whole or in part a residential mortgage and successor record owner of the property, if any, who gives notice thereof to the residential mortgage lender." 41 P.S. § 101, Definitions. A terre tenant, on the other hand, is "one who claims an interest in the land subject to the lien of the mortgage." *Bank of Pennsylvania v. G/N Enterprises,* 316 Pa.Super. 367, 463 A.2d 4 (1983). The record reveals appellants bought the property in question at a tax upset sale, and such a sale is subject to the lien of any previous recorded mortgage. 72

P.S. § 5860.609, Certain liens divested by sale. The record fails to show appellants were in any way "obligated" to appellee/bank so as to fall within that part of the definition of residential mortgage debtors. They did not have any rights or contractual obligations under the mortgage. Even so, appellants are successor record owners by virtue of purchasing the property at the tax upset sale, and they notified the mortgage lender, appellee/bank, of their interest in the property. (Stipulations of Counsel, Joint Exhibit No. 1; Record # 23a; R.R. 662.) Based on these facts, appellants must be considered residential mortgage debtors for purposes of 41 P.S. § 403.

Our inquiry though does not end there because the formal notice requirements of 41 P.S. § 403 are more liberally construed where the mortgage contains a "due on sale" clause. *See New Home Federal Sav. & Loan Ass'n v. Trunk*, 333 Pa.Super. 393, 482 A.2d 625 (1984). In *New Home*, this Court held the formal notice requirements of 41 P.S. § 403 unnecessary where a default cannot be cured by the original owner acting alone but requires some additional action by another party. Moreover, in *Ministers and Missionaries Benefit Board of American Baptist Church v. Goldsworthy*, 253 Pa.Super. 321, 385 A.2d 358 (1978), this Court held notice of foreclosure that did not comply with 41 P.S. § 403 acceptable because appellant transferee could not cure the default, which was based on a violation of the mortgage's "due on sale" clause. In much the same way, appellants here could not cure the default brought on by a violation of the "due on sale" clause. When appellants bought the property at the tax upset sale, the transfer from the Apgars to appellants violated the "due on sale" clause, and because appellants took subject to the mortgage and not as successors in right to the mortgage, they are unable to cure the default. Hence, the case law clearly suggests the strict notice requirements of 41 P.S. § 403 are not mandated.

Additionally, appellants' assertion the lack of such notice has prejudiced them is without merit. Appellant Lawrence Marra, as revealed at oral argument, is a sophisticated real estate investor with experience in over 100 sales of this type. Appellants knew they were taking subject to the terms of the existing mortgage because they notified appellee/bank and attempted to ascertain the balance due on the mortgage. One of the mortgage terms to which they were subject was the "due on sale" provision, and appellants cannot now claim prejudice after subjecting themselves to the mortgage in the first place. Additionally, the mortgage foreclosure complaint served on appellants by appellee/bank contained a copy of the § 403 notice of intention to foreclose served on the Apgars, a copy of the mortgage agreement containing the "due on sale" clause and the accelerated amount due on the mortgage (Joint Exhibit No. 3, Complaint in Mortgage Foreclosure; R.R. 73a–86a; (not included in Record)). Armed with all of this information, appellants claim they did not have notice of the mortgage foreclosure. We find the assertion unsupported by the facts, which show appellants had actual notice of the foreclosure.

Further investigation reveals appellants' own actions prejudiced them—not the appellee/bank's failure to notify them as per 41 P.S. § 403. Appellants failed to file any responsive pleadings raising the notice issue. Rather, appellants let the court enter a default judgment against them, attended the sheriff's sale without even bidding and then waited six months before filing the underlying action. Appellees should not have to pay the price exacted by appellants' inaction, so we must uphold the outcome of the sheriff's sale.

Judgment affirmed.