J-S11005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| REVERSE MORTGAGE FUNDING, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARGIE LYERLY | : | |
| | : | No. 1133 WDA 2021 |
| v. | : | |
| | : | |
| CORNELIUS MARTIN | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 24, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-18-014967

BEFORE: PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED: May 17, 2022**

Cornelius Martin, intervenor in the underlying mortgage foreclosure action, appeals from the order denying and dismissing, with prejudice, his petition to set aside a sheriff's sale. Martin claims he was not afforded sufficient notice of the foreclosure action despite his equitable interest in the subject property. Because we conclude Martin acquired his purported property interest with constructive notice of the mortgage, and he had constructive notice of the foreclosure and sheriff's sale proceedings, we affirm.

Argie Lyerly owned property located in Allegheny County. On April 24, 2013, Lyerly executed a home equity conversion mortgage in favor of

Mortgage Electronic Recording Systems, Inc., as nominee for Liberty Home Equity Solutions, Inc., as well as a promissory note securing the mortgage.

On December 21, 2017, Mortgage Electronic Recording Systems assigned the mortgage to Live Well Financial, Inc. ("Live Well"). Live Well initiated a foreclosure action by filing a complaint on November 14, 2018. Live Well alleged the mortgage was in default as of July 10, 2018, because Lyerly no longer occupied the property as her principal place of residence, as required by the mortgage agreement. Live Well also alleged an outstanding balance of $25,144.35.

Live Well assigned the mortgage to Reverse Mortgage Funding, LLC ("RMF") on January 9, 2019, and RMF was subsequently substituted as plaintiff in the underlying action.[1] Lyerly did not respond. RMF filed a praecipe for entry of default judgment and judgment was entered in the amount of $25,740.82, plus costs and interest. A writ of execution was subsequently issued, and Lyerly was served with notice of the scheduled sheriff's sale, via certified mail at her last known address and by posting the notice at the subject property.[2]

---

[1] On September 4, 2019, RMF assigned the mortgage to RMF, as nominee for Wilmington Trust, NA, not in its individual capacity but solely as trustee for Broad Street Funding Trust, II, which was reflected by a substitution of the plaintiff in the foreclosure action. For consistency, we will continue to address this entity in its amended capacity as RMF.

[2] Because the property was vacant, Live Well sought and was granted permission to serve Lyerly in this manner.

Following several postponements, the sheriff's sale was held on January 6, 2020, and RMF purchased the property. However, the Allegheny County Recorder of Deeds Office could not record the sheriff's deed because Lyerly had transferred the property to Martin by a deed recorded on November 4, 2019.

On March 23, 2021, RMF filed a motion to confirm the sheriff's sale. Therein, RMF argued that because Martin acquired an interest in the property after the foreclosure proceedings were initiated and default judgment had been entered, his interest was divested by the sheriff's sale.

On April 15, 2021, Martin filed a petition to intervene and set aside the sheriff's sale. Martin claimed he had entered into a land installment contract with Lyerly on June 2, 2016; he had sent a total of $14,000.00 in mortgage payments to Live Well; and he was in the process of negotiating a short sale. Further, Martin claimed RMF failed to provide him with notice of the sheriff's sale. Martin also filed a counterclaim to quiet title. The trial court granted Martin's petition to intervene and added Martin to the action as a party in interest.

The trial court held oral argument on the parties' respective petitions. By orders entered August 24, 2021, the trial court confirmed the sheriff's sale, directed the Recorder of Deeds to accept the sheriff's deed for recording, and

denied and dismissed Martin's petition to set aside the sheriff's sale and counterclaim. This timely appeal followed.[3]

A petition to set aside a sheriff's sale invokes a trial court's equitable powers. **See Nationstar Mortg., LLC v. Lark**, 73 A.3d 1265, 1267 (Pa. Super. 2013). We review the trial court's order for an abuse of discretion:

> The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process. This [C]ourt will not reverse the trial court's decision absent a clear abuse of discretion.

**Irwin Union Nat'l Bank & Trust Co. v. Famous**, 4 A.3d 1099, 1102 (Pa. Super. 2010) (internal citations and quotation marks omitted).

Martin argues he is the actual and equitable owner of the property, and the trial court erred by failing to strike the foreclosure action as a result of RMF's failure to name Martin as a party and notify him of the proceedings. **See** Appellant's Brief at 16. Martin acknowledges the deed conveying the property to him was not recorded until November 4, 2019, but contends he and Lyerly executed a contract for deed on June 2, 2016.[4] **See id.** at 18.

---

[3] On January 4, 2022, RMF filed a motion to dismiss Martin's appeal for failure to timely file a brief. This Court denied RMF's motion to dismiss without prejudice. RMF does not raise this issue again in its appellate brief.

[4] The referenced contract between Lyerly and Martin does not appear in the certified record before this Court. Martin asserts that he agreed to buy the

*(Footnote Continued Next Page)*

- 4 -

Martin therefore argues he acquired an interest in the property in 2016, well before Live Well initiated the instant foreclosure action. ***See id.*** at 19-21. According to Martin, he did not receive notice of the foreclosure proceedings and was in negotiations with RMF to purchase the property in 2019, during the time RMF requested postponements of the sheriff's sale. ***See id.*** at 18-19. Martin asserts RMF had notice of Martin's interest in the property. ***See id.*** at 22.

Martin argues, in part, that he should have been named as a party in the foreclosure action as the "real owner" of the property. Pennsylvania Rule of Civil Procedure 1144 requires a plaintiff in a mortgage foreclosure action to name as defendants (1) the mortgagor; (2) any known personal representative, heir or devisee of a deceased mortgagor; and (3) "the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed." Pa.R.C.P. 1144(a). This Court has explained that the term "real owner" is limited to those individuals who have liability on the mortgage. ***See U.S. Bank Nat'l Assoc. for Pa. Housing Fin. Agency v. Watters***, 163 A.3d 1019, 1025-26 (Pa. Super. 2017); ***Bank of Pa. v. G/N Enters., Inc.***, 463 A.2d 4, 6 (Pa. Super. 1983) ("one who takes title from the mortgagor is a 'real owner'" (citation omitted)).

property from Lyerly for $25,000.00, reflecting the outstanding mortgage balance. ***See*** Appellant's Brief at 13.

Here, Martin does not argue that he assumed legal liability on the mortgage. To the extent Martin contends the 2016 land installment contract made him the real owner of the property, we note that the contract is conspicuously absent from the certified record. **See Brandon v. Ryder Truck Rental, Inc.**, 34 A.3d 104, 106 n.1 (Pa. Super. 2011) (explaining that an appellant has a duty to provide this Court with a complete record for appellate review). Martin briefly states he "never missed a payment to the bank." Appellant's Brief at 14. However, Martin fails to explain the basis upon which these payments were made, and the record contains no evidence that Martin assumed liability to RMF for payment on the mortgage or otherwise executed an agreement with RMF which would negate RMF's ability to initiate foreclosure proceedings.[5] Accordingly, Martin failed to establish that he was required, or even entitled, to be named as a defendant in the mortgage foreclosure action.

Even assuming Martin had an equitable interest in the property, we conclude that he had constructive notice of the mortgage, the foreclosure action, and the sheriff's sale. First, we again note that Martin himself alleges that he never missed a payment to RMF. If we accept this assertion as true,

---

[5] To the extent Martin has any equitable claim against RMF for the recovery of funds he paid toward the purchase of the property, the instant action is not the appropriate vehicle for obtaining relief.

- 6 -

Martin was clearly aware that the property was subject to the mortgage and therefore had some responsibility to make himself aware of the terms.

Even if we ignore this assertion, Martin was still legally presumed to be aware of the terms of the mortgage. Properly recorded mortgages provide all subsequent purchasers of the property with constructive notice of the mortgage terms:

> The legal effect of the recording of such agreements [concerning real property, as defined in § 356,] shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby **with the same force and effect as if said subsequent purchasers, mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid.**

21 P.S. § 357 (emphasis added); *see also First Citizens Nat'l Bank v. Sherwood*, 879 A.2d 178, 181 (Pa. 2005) (concluding subsequent purchaser had constructive notice of a properly recorded but improperly indexed mortgage).

Here, Martin claims he acquired an interest in the property on June 2, 2016.[6] Martin expressly acknowledges the reverse mortgage and note were

---

[6] Martin vaguely refers to statutes governing the recording of deeds; however, he failed to include citation to those statutes. *See* Pa.R.A.P. 2119(a) (directing an appellant's argument to include appropriate discussion and citation of authorities). We recognize that an unrecorded conveyance is rendered void only to a subsequent *bona fide* purchaser who does not have actual or
*(Footnote Continued Next Page)*

executed and recorded with the Recorder of Deeds in 2013. *See* Appellant's Brief at 10; *see also* Motion to Reassess Damages, 8/16/19, Exhibit A (Mortgage) (reflecting Lyerly's execution of the mortgage and accompanying note on April 24, 2013). Thus, in accordance with 21 P.S. § 357, Martin assumed any interest he acquired in the property with constructive notice of the mortgage, including all its terms.

The mortgage requires Lyerly to occupy the property as her principal place of residence for the term of the agreement. *See* Motion to Reassess Damages, 8/16/19, Exhibit A (Mortgage), ¶ 4. Further, the mortgage provides for acceleration of the debt with immediate payment-in-full if Lyerly's title is sold or transferred. *See id.*, ¶ 9(a)(ii). The lender may also require immediate payment-in-full, with approval of the Secretary of Housing and Urban Development, if the property ceases to be Lyerly's principal residence for any reason other than death. *See id.*, ¶ 9(b)(i). Martin was therefore on constructive notice of the mortgage at the time he entered into the land installment contract with Lyerly and must be presumed aware of the conditions constituting default.

Martin also points to his negotiations for short sale of the property as evidence that he did not receive notice of the foreclosure action. Martin

_____

constructive notice of the transfer. *See MERSCORP, Inc. v. Del. County*, 207 A.3d 855, 866 (Pa. 2019); *see also* 21 P.S. § 351. We also note that Martin waited more than three years to record the deed to protect his interest.

- 8 -

attached to his petition to intervene and set aside the sheriff's sale several email exchanges between his real estate agent, Gloria Potter, and a representative of RMF's short sale department. Once again, Martin's own allegations demonstrate that he was aware of the mortgage, the foreclosure proceedings, and that a sheriff's sale was imminent.

Potter sent an offer for a short sale of the property on July 18, 2019, several months after the foreclosure complaint had been filed, default judgment had been entered in favor of RMF, a writ of execution had issued, and RMF had notified Lyerly of the sheriff's sale. *See* Petition to Intervene and Set Aside Sheriff's Sale, 4/15/21, Exhibit H. On August 29, 2019, Potter requested an update on the status of the proposed short sale, and acknowledged "the foreclosure is scheduled for Monday[.]" *Id.*, Exhibit G. The RMF representative responded that the request for postponement of the sheriff's sale was denied, and RMF would proceed with the sale as scheduled on September 3, 2019. *See id.*

In a subsequent email, the RMF representative advised Potter that the sheriff's sale had been postponed, and the property would be reviewed for a possible insurance claim based upon issues identified during the appraisal process. *See id.*, Exhibit H. Potter acknowledged the postponement and requested a payoff amount for the property. *See id.* These exchanges evidence Martin's knowledge, via his real estate agent, of the foreclosure proceedings and the sheriff's sale. Just as Martin claims RMF was on notice of

his interest in the property, Martin was on constructive notice of the terms of the mortgage, the foreclosure, and the sheriff's sale.[7] Under these circumstances, the trial court was entitled to conclude Martin was not due equitable relief from the sheriff's sale. Accordingly, we affirm the order denying and dismissing Martin's petition to set aside the sheriff's sale.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2022

---

[7] Notwithstanding his awareness of the foreclosure and the sheriff's sale, Martin did not file his petition to intervene and set aside the sheriff's sale until April 15, 2021, more than a year after the sale occurred.