OPINION OF THE COURT
Alfred D. Lerner, J.
This case was submitted for decision on an agreed statement of facts and is one of first impression.
The defendant mortgagor, 88-36 Elmhurst Avenue Realty Corp., the record owner of said premises, executed a mortgage to the plaintiff mortgagees on December 12, 1978. A provision of the mortgage stipulated: “This mortgage shall become due upon the sale of the aforesaid property” (referred to herein as a due on sale clause). At that time, defendants James and Eileen Whalen were the sole owners of all of the stock in the defendant corporation. In April of 1982, the Whalens sold all of their stock to a third party previously unknown to the plaintiffs. The plaintiffs brought this action to foreclose the mortgage, alleging that the entire unpaid mortgage balance is due and payable under the due on sale clause.
The only issue to be decided in the litigation is whether the conveyance of all of the stock of the defendant mortgagor corporation should be considered a sale of the property. Counsel for the respective parties have been unable to cite a case, inside or outside this jurisdiction, squarely on point. The court has similarly assured itself that no such precedent exists.
*629 An analogous issue was discussed in Rubinstein Bros. v Olé of 34th St. (101 Misc 2d 563). In that case, the court decided that the transfer of corporate stock of the tenant corporation to a third party was not a violation of a clause prohibiting any assignment of the lease without the landlord’s prior written consent. “A landlord entering a lease with a corporate tenant should be presumed to know that it is an artificial entity with a life distinct from the individuals who may from time to time be its owners. If a landlord wished to protect itself against such vicissitude, it could easily write into the lease a condition subsequent.” (Rubinstein Bros. v Olé of 34th St., 101 Misc 2d, at p 568.)
Similarly, a due on sale clause should not be deemed to be operative by a transfer of stock of the mortgagor corporation. The plaintiff mortgagees prepared the agreement and could have expressly provided that a stock transfer would activate the due on sale clause. The Rubinstein case (supra) precludes this condition from being implied. Furthermore, since the plaintiff mortgagees prepared the document, any ambiguity must be resolved against them. (Iris v Marine Midland Bank of Southeastern N. Y., 114 Misc 2d 251, 253; 22 NY Jur 2d, Contracts, § 228, p 76.) Therefore, any construction of the agreement must be to narrow the meaning of the clauses, not to broaden them. Allowing plaintiff’s construction of the due on sale clause to include stock transfers would be in direct violation of the basic rule of construction.
Accordingly, the court holds that the defendant’s sale of the stock in the 88-36 Elmhurst Avenue Realty Corp. was not a sale of the property owned by the corporation and did not bring the due on sale clause into operation.
Accordingly, the defendants are entitled to judgment dismissing the complaint.