■ ARTHUR S. FRIEDMAN, Appellant, v CAREY PRESS CORPORATION et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 16, 1985, denying defendants' motion and plaintiff's cross motion for summary judgment, unanimously modified, on the law, to the extent of granting defendants' motion, dismissing the complaint, and otherwise affirmed, without costs or disbursements.

The corporate defendant is a close corporation, originally owned by plaintiff and his two brothers, Harry and Leonard. On April 2, 1975, plaintiff sold his stock to the corporation for the total sum of $250,000, with a $50,000 down payment and the balance payable in 60 quarterly installments, with interest at the rate of 10% per year. Paragraph 13 of the agreement provided for acceleration of the unpaid balance of the

purchase price, at plaintiff's option, "[i]n the event that the business of Carey shall be sold for all cash or part cash and part stock or for all stock, during the term provided for the payment of the quarterly installments herein provided for".

Subsequent to the execution of the agreement, Harry transferred his stock to his son, Richard, the individual defendant in this action. Thereafter, on January 1, 1983, the corporation agreed to redeem the stock of Leonard, the other brother, as a result of which Richard became the sole shareholder of the corporation. Plaintiff commenced this action to recover the unpaid balance due under the agreement, after a demand for payment had been refused, contending that the foregoing transfers amounted to a sale under the acceleration clause. Special Term denied the motion and cross motion, holding that a trial was necessary to ascertain the intent of the parties. We disagree.

The acceleration clause in the agreement is clear and unambiguous and the interpretation of the agreement is a question of law for the court. While plaintiff alleges that the underlying purpose was to assure payment of the balance if ownership and control of the corporation were transferred to a third party, the agreement does not so provide. Under the terms of the agreement, the only event which permits an acceleration of the balance due is a sale of the business, which did not occur here. Plaintiff concedes that Richard acquired his father's stock interest as a gift and Leonard's shares were redeemed by the corporation. Neither transfer satisfies the contractual provision permitting acceleration of the debt if "the business of Carey shall be sold". Plainly, the transfer or redemption of stock was not a sale of the business under the terms of the agreement (cf. *Gasparre v 88-36 Elmhurst Ave. Realty Corp.*, 119 Misc 2d 628).

While only plaintiff appealed from the order, our modification to grant summary judgment to defendant does not improperly accord relief to a nonappealing party. (See, *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111; *Hecht v City of New York*, 60 NY2d 57, 62.) On a motion for summary judgment, the court may search the record and, if warranted, grant summary relief even in the absence of a cross motion (*Wehringer v Helmsley-Spear, Inc.*, 91 AD2d 585, *affd* 59 NY2d 688). The power to direct appropriate relief exists both at Special Term and on appeal (*Davis v Shelton*, 33 AD2d 707). Concur—Sandler, J. P., Fein, Milonas, Kassal and Ellerin, JJ.