■ BERARDI CONSTRUCTION CORP., Respondent, v MANSHUL CONSTRUCTION CORP., Appellant.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 27, 1988, unanimously modified, on the law, without costs, the motion to dismiss the complaint granted to the extent of dismissing the first cause of action asserted therein, summary judgment in favor of the plaintiff granted as to the second, third, and fourth causes of action, the matter remanded for an assessment of damages, and as modified, affirmed. The appeal from the order of the same court entered June 28, 1988, which denied reargument, is dismissed as nonappealable, without costs.

Plaintiff, a subcontractor, performed certain work for defendant, a general contractor, on a project owned by the Dormitory Authority of the State of New York. The work was completed in 1976, but due to disputes between the defendant and the Dormitory Authority, certain of plaintiff's claims, totaling approximately $220,000 remained unpaid. Defendant recovered a judgment against the Dormitory Authority, which included an award of $55,370 attributable to plaintiff's claims. The judgment was paid on or about October 1982. No part of the judgment, however, was paid over to the plaintiff.

Plaintiff commenced this action in August 1986. The first cause of action seeks approximately $220,000 for breach of contract. The second, third, and fourth causes of action seek the lesser amount recovered by defendant pursuant to its judgment against the Dormitory Authority, on the theories of money had and received, unjust enrichment, and constructive trust.

The court initially granted plaintiff's motion for summary judgment, on default. On defendant's motion to vacate the default and for summary judgment, the court vacated the default but otherwise denied the motion. Subsequent motions by both sides for reargument were denied.

The court erred in denying defendant's motion for summary judgment dismissing the first cause of action seeking damages for breach of contract. The breach of contract cause of action, which accrued on completion of the work (*Phillips Constr. Co. v City of New York*, 61 NY2d 949, *rearg denied* 62 NY2d 646), is barred by a six-year Statute of Limitations. (CPLR 213 [2].) It is unnecessary for us to determine whether the one-year contractual limitation period applies, since the statutory time

period has long expired. Nor do we find any factual basis to support the claim that defendant is estopped from relying on the Statute of Limitations.

As to the remaining causes of action, however, we find that they are all governed by a six-year time limitation which accrued upon payment of the judgment, and are therefore timely. *(Baratta v Kozlowski,* 94 AD2d 454 [unjust enrichment]; *Savage v Savage,* 63 AD2d 808, *appeal dismissed* 46 NY2d 771 [constructive trust]; *State of New York v Wachsman,* 125 AD2d 390 [money had and received], *lv denied* 69 NY2d 609.) As we are empowered to do *(Friedman v Carey Press Corp.,* 117 AD2d 568), we search the record and award summary judgment to the plaintiff on the second, third, and fourth causes of action. The contract between the parties provides that defendant may bring an action against the owner involving the plaintiff's work, which was done, that the plaintiff is bound by the determination in the action, and that the plaintiff is entitled to its proportion of the recovery less expenses and attorney's fees. The argument made by defendant that plaintiff assigned its claim to the recovery to third parties is completely refuted by plaintiff's submissions contained in the record showing that any claims by third parties have been satisfied. We therefore remand for an assessment of damages at which any reduction from the principal amount of $55,370 due to costs or legal fees will be determined. Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.