■ OWNERS REALTY MANAGEMENT AND CONSTRUCTION CORP., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (P.S. 41 MANHATTAN), Respondent. [596 NYS2d 416] —Order, Supreme Court, New York County (Eugene Nardelli, J.), entered February 20, 1992, which, *inter alia,* upon plaintiff's cross-motion for summary judgment, granted summary judgment in favor of defendant Board of Education dismissing the

complaint, and denied, as moot, defendant Board's motion to dismiss the complaint for failure to timely serve a notice of claim and the plaintiff's cross-motion for leave to serve a late notice of claim pursuant to Education Law § 3813, unanimously affirmed, without costs.

In searching the record and granting summary judgment dismissing the complaint in favor of defendant Board of Education, the non-moving party, on plaintiff's cross-motion for summary judgment *(see, Berardi Constr. Corp. v Manshul Constr. Corp.,* 149 AD2d 387, 388, *appeal dismissed* 74 NY2d 842), the IAS Court properly determined that plaintiff's cause of action seeking $71,219.00 in additional compensation for extra work allegedly performed by plaintiff in connection with its contract with defendant Board for the removal of asbestos and replacement of insulation materials at P.S. 41 in Manhattan was specifically barred by the explicit terms of the parties' written contract which clearly stated that the linear footage of asbestos to be removed from the pipes and replaced with other insulation listed in the contract specifications were "approximate quantities", that each contract bidder was responsible for making a pre-bid inspection of the work site to ascertain the exact quantity of materials to be furnished and work to be completed, and which precluded a request for additional payment for extra work in the absence of a change order *(see, Costanza Constr. Corp. v City of Rochester,* 147 AD2d 929, *appeal dismissed* 74 NY2d 715).

In any event, plaintiff's failure to present a timely notice of its breach of contract claim to defendant Board within three months after the accrual of its claim (Education Law § 3813 [1]), i.e., within three months after its damages were ascertainable *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 290), and failure to seek leave to serve a late notice of claim within one year from the date that the cause of action arose (Education Law § 3813 [2-b]), *i.e.,* within one year after substantial completion of work *(Phillips Constr. Co. v City of New York,* 61 NY2d 949, 951), requires that the complaint be dismissed. Concur—Carro, J. P., Wallach, Asch and Rubin, JJ.