■ BARSOTTI'S, INC., Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [666 NYS2d 182] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 10, 1996, which granted defendant's motion for partial summary judgment dismissing plaintiff's claim to recover compensation for additional work under a construction contract and denied plaintiff's cross motion for partial summary judgment on that claim, unanimously affirmed, without costs.

The IAS Court properly determined that plaintiff's cause of

action seeking $483,000 in additional compensation for extra work allegedly performed in connection with its contract with defendant due to the unanticipated, costly removal of heavy metal pipe lagging from a boiler at the Astoria generating plant was specifically barred by the explicit terms of the parties' written contract. That contract clearly stated that work detailed in the specification was "estimates only", that each contract bidder was responsible for making a pre-bid inspection of the work site to ascertain by measurement and probing the exact quantity of materials to be removed and disposed of, including "casing", and that the drawings provided did not show "material thickness" (*see, Owners Realty Mgt. & Constr. Corp. v Board of Educ.*, 192 AD2d 471; *Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d 230; *Weston v State of New York*, 262 NY 46). Thus, where, as here, "the parties intended the contractor to rely upon its own investigation, no recovery for extra work may be had, absent a showing of fraud" (*Savin Bros. v State of New York*, 62 AD2d 511, 515, *affd* 47 NY2d 934). The specification relied on by plaintiff, which only partially listed areas where heavy pipe lagging could be found in the unit, did not amount to a warranty that such material did not exist elsewhere.

Contrary to plaintiff's appellate contention, the court should not be disqualified from determining this case, since he and his wife divested themselves of the stock in defendant corporation immediately upon being informed by plaintiff of the apparent conflict (22 NYCRR 100.3 [E] [1] [f]).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.