Maric Mech., Inc. v New York City Hous. Auth. (2024 NY Slip Op 06657)

Maric Mech., Inc. v New York City Hous. Auth.

2024 NY Slip Op 06657

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 154837/23 Appeal No. 3328 Case No. 2023-06287 

[*1]Maric Mechanical, Inc., Appellant,
v
New York City Housing Authority, Respondent.

Rivkin Radler LLP, Uniondale (E. Christopher Murray of counsel), for appellant.
David Rohde, New York (Karen R. Cross of counsel), for New York City Housing Authority, respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered November 9, 2023, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1), unanimously affirmed, without costs.
The court properly granted defendant's motion to dismiss plaintiff contractor's claims for compensation for alleged "extra work" under the parties' contract. The extra work entailed building 206 temporary shoring towers, as opposed to the 40 towers provided for in the temporary shoring design in defendant's drawings available for review by the contract bidders. Plaintiff conceded that it did not perform, as contemplated under the contract, a pre-bid project work site inspection (see Seville Constr. v New York City Hous. Auth. , 247 AD2d 69, 73-74 [1st Dept 1998], lv denied 93 NY2d 803 [1999]; Lake Constr. & Dev. Corp. v City of New York , 211 AD2d 514, 515 [1st Dept 1995]). Further, plaintiff offered only a conclusory claim that its engineer's post-contract determination of the need to perform the extra work could not reasonably have been made based on a pre-bid site inspection. The contract documents expressly warned plaintiff that defendant did not assume responsibility for the accuracy or completeness of the information regarding the existing conditions needed for performance of the work (see Barsotti's, Inc. v Consolidated Edison Co. of N.Y. , 245 AD2d 178, 179 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024